WILLIAM GRACE *et al.*

*v.*

THE OAKLAND BUILDING ASSOCIATION *et al.*

*Filed at Ottawa May 11, 1897.*

1. CONTRACTS—*contract to be entire need not state specific sum as the contract price.* A contract to erect a building for the cost of the labor and material with a certain per cent of the total cost added as compensation to the contractors, payments to be made as the work progresses and the balance on completion, is entire, though no specific sum is stated as the contract price.

2. MECHANICS' LIENS—*claim for lien construed as to its sufficiency.* A mechanic's claim for lien filed with the circuit clerk, which sets forth an itemized account of the labor and materials furnished and states the time during which the contract was performed with sufficient accuracy to notify interested parties that it is enforceable, sufficiently complies with the requirements of section 4 of the Lien act, as amended in 1887, (Laws of 1887, p. 219,) as to the statement of the time when the materials and labor were furnished.

3. SAME—*credits going to reduce amount of lien need not be itemized.* Credits for materials returned and for cash received on the contract, contained in a mechanic's claim for lien filed with the circuit clerk, which credits merely reduce the amount of the lien, need not be itemized.

4. SAME—*affidavit to claim for lien is not vitiated by adding the words* "to the best of his knowledge and belief." An affidavit to a mechanic's lien notice that the affiant on oath states that "the foregoing statement or account or demand due, by him subscribed, is true, *to the best of his knowledge and belief,*" is good.

*Grace v. Oakland Building Ass.* 63 Ill. App. 339, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

This was a bill filed by the Oakland Building Association, one of the appellees, to foreclose a mortgage executed by John W. Rickey and wife upon a piece of ground described as the south one hundred feet of the north one hundred and fifty feet of lot 42, in Rosalie Villas, in Cook county. The appellants were made parties to this bill, upon the allegation that they had some interest in the premises. They answered the bill and filed a cross-bill, alleging that they were partners, as Grace & Hyde; that on or about March 4, 1893, they entered into a parol agreement with Rickey to furnish all the labor and materials and to erect a certain building upon said lot for him, for which labor and material and the erection of said building they were to be paid by said Rickey from time to time, as the work progressed, the cost of all the labor and material entering into the construction of the building, and in addition thereto ten per cent of such cost for their compensation, any balance remaining unpaid at the time of the completion of the building to be then paid to them; that they commenced furnishing materials and doing the work on or about March 9, 1893, and that they completed the building on or about June 17, 1893; that on October 13, 1893, they filed with the circuit clerk a just and true statement, verified by affidavit, as required by law, showing $1271.32 due them; that Rickey has since then paid $300, and that there is now due them $971.32, for which they claim a mechanic's lien. Both the building association and Rickey filed answers to the cross-bill, denying that the cross-complainants had filed a just and true statement verified by affidavit, as by them alleged, and alleging that they did not comply, in any respect, with the provisions of the statute to entitle them to any lien.

The cause was referred to the master, who reported that the building association was entitled to a decree as prayed; that there was due the appellants, Grace & Hyde, the sum of $971.32, with interest, and that they would be entitled to a prior lien on the land on which said build-

ing was erected, and on the building erected by them, provided they had complied with the statute in filing a lien notice, but that they had failed to comply with the law and so had no lien on the premises. Exceptions were filed and overruled, and a decree entered in accordance with the report and findings of the master. The premises were sold, and a deficiency decree against Rickey, in favor of the building association, entered, for $482.15. Appellants took the case on error to the Appellate Court for the First District, where the decree was affirmed, and they have now appealed to this court.

The statement filed with the circuit clerk as a notice for mechanic's lien, omitting the caption, with affidavit attached, was as follows:

"William Grace and Frank D. Hyde state that they are partners, doing business as contractors and builders under the firm name of Grace & Hyde; that a true statement or account or demand due them as such co-partners from John W. Rickey, of the city of Chicago, county and State aforesaid, under and by virtue of a verbal agreement entered into on or about the fourth day of March, 1893, between said John W. Rickey and said Grace & Hyde, respecting a certain brick apartment building to be erected by said Grace & Hyde for said John W. Rickey on certain premises hereinafter mentioned, after allowing all credits, is as follows:

"Statement of labor and materials furnished J. W. Rickey:— Street and building permits; 17²¹⁄₁₀₀ cords rubble stone; 40 wagon loads of sand, average 1½ cubic yards to each load; 38 barrels Louisville cement; 3 barrels Portland cement; 56,000 common brick; 7100 pressed brick; 200 feet 4-inch by 8-inch flue lining; 40 feet 8-inch by 12-inch flue lining; 70 feet 9-inch wall coping; 12 feet 13-inch wall coping; 144 barrels lime; 8 barrels stucco; 50 bushels hair; 5 sacks Acme cement plaster; 2 cast plates 12-inch by 12-inch by 1-inch; 1 cast plate 14-inch by 18-inch by 1-inch; 1 8-inch steel beam 14 feet long, with ⅜ by 7-inch plate; 1 9-inch I-beam (steel)," etc.

(Then follows the remainder of the said statement of items, consisting of five or more pages, stating minutely items of material and hours of labor, and then follows a summarized statement with prices, as follows:)

"CHICAGO, ILL., *Sept. 30, 1893.*

"J. W. Rickey, Esq., to Grace & Hyde, Dr., for labor and material for apartment building on Rosalie Court, near Fifty-eighth street:

| | |
|---|---:|
| Street, building and water permit | $38.10 |
| Pay-roll 4 weeks ending March 25 | 303.79 |
| Geo. B. Eagle & Co., press brick | 163.30 |
| Purington-Kimbel Brick Co., common brick | 392.00 |
| Chicago Union Lime Works, lime | 188.45 |
| Dickinson Bros. & King, cement | 22.00 |
| Pay-roll 2 weeks ending April 8 | 471.59 |
| Following with a large number of items of a similar kind, some with and others without dates, with amounts carried out, aggregating sufficient to make the total of | $6445.74 |
| Add 10 per cent as per agreement | 644.57 |
| | $7090.31 |
| Less credit on material returned and labor furnished | 218.99 |
| | $6871.32 |
| Cash rec'd | 5600.00 |
| | $1271.32 |

"Said William Grace and Frank D. Hyde further state that according to said agreement they were to receive and be paid for said work the cost of all the material and labor by them supplied and used in the construction of said building, and in addition thereto ten per cent of such cost for their compensation; that the above mentioned material was furnished and said labor performed by said Grace & Hyde, pursuant to said agreement, between the 9th day of March, 1893, and the 17th day of June, 1893, and on said last named day the last of said material was furnished and the last of said labor was performed and the said agreement or contract was completed on the part of said Grace & Hyde; that a correct description of the property to be charged with the lien claimed herein

is as follows: The south one hundred feet of the north one hundred and fifty feet of lot 42, in Rosalie Villas, a subdivision by Rosalie A. Buckingham of that part of the south-east quarter of the north-east quarter lying east of the west seventeen acres thereof, and west of the Illinois Central railroad, of section 14, township 38, north, range 14, east of the third principal meridian, in Cook county, Illinois; that said John W. Rickey was, at the time said contract was entered into, and continued until the 17th day of June, 1893, to be the owner of said premises; that the Oakland Building Association, a corporation, claims some interest in said premises by virtue of a mortgage or otherwise, but said Grace & Hyde claim that any such interest is subordinate to the lien hereby claimed; that there is now due and owing to said Grace & Hyde on account of said material furnished and labor performed, after allowing all credits, the sum of $1271.32, with interest thereon from the 30th day of September, 1893, for which sum they claim a lien upon said premises."

"STATE OF ILLINOIS, } *ss.*
  *Cook County.*       }

"Frank D. Hyde, being duly sworn, deposes and says that the foregoing statement or account or demand due, by him subscribed, is true, to the best of his knowledge and belief.

FRANK D. HYDE.

"Subscribed and sworn to before me, this 12th day of October, 1893.          SAMUEL E. DALE, *Notary Public.*"

F. W. BECKER, and DALE & FRANCIS, for appellants.

WOLSELEY & HEATH, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

The only question presented by this record for decision is the alleged insufficiency of the statement of appellants' claim for a lien or account filed with the clerk of the court. It was found by the master and the Superior and Appellate Courts that this statement was insuffi-

cient, and was not sufficiently verified by affidavit, under the statute. The provision of the statute in force when the statement was filed, applicable to this case, was as follows: "Every creditor or contractor who wishes to avail himself of the provisions of this act shall file with the clerk of the circuit court * * * a just and true statement or account or demand due him, after allowing all credits, setting forth the time when such material was furnished or labor performed, and containing a correct description of the property to be charged with the lien, and verified by an affidavit." (Hurd's Stat. sec. 4, p. 884.) It is conceded in this case that the property was correctly described, and if the statement in other respects comes within the substantial requirements of the statute in being sufficiently specific and in setting forth the times when such material was furnished or labor performed, and was sufficiently verified by affidavit, appellants were entitled to the lien which was denied to them in the courts below.

This section of the statute has been frequently construed by this court. In *McDonald* v. *Rosengarten*, 134 Ill. 126, the affidavit was, "that the said company has performed the labor and furnished the materials set forth in the above statement of claim for a lien," and it was held insufficient, as not stating the time when, etc. It was there said (p. 130): "The purpose of requiring the claim to set forth 'the times when such material was furnished or labor performed,' is, obviously, to enable those interested to know from the claim itself that it is such as can be enforced, and the verification by affidavit is required as a guaranty of the claim in this as in other respects. * * * It is merely an affidavit that claimant 'has performed the labor and furnished the materials,' not *as* set forth, but, simply, 'set forth in the above statement of claim,' etc., and so may be true whether the time when was such that the lien cannot be enforced or that it can be enforced, since 'performing labor or furnishing

materials' are acts merely, and mentioning them, only, is not descriptive or suggestive of any particular time."

In *Campbell* v. *Jacobson*, 145 Ill. 389, the affidavit contained no statement of time at all, and this court said (p. 403): "The statements wholly failed to set forth 'the times when such material was furnished or labor performed.' * * * There is no attempt to give the date or dates of furnishing the material or the performance of the labor, *nor is there anything in the statements from which those facts can be ascertained.*"

In *Springer* v. *Kroeschell*, 161 Ill. 358, the affidavit was, "said labor was performed and materials furnished between September 18, 1890, and October 31, 1890," and we there said (p. 365): "We think that this statement was sufficient, as the labor was done and the materials were furnished under an entire contract. 'Where the work was done or the materials furnished under an entire contract, the different times when the work was performed or the materials furnished need not be stated.' (Phillips on Mechanics' Liens, sec. 359.) 'Certainty to a common intent is all that is required in stating a mechanic's claim, and where the law requires the time when the work was to be done to be set forth, a claim which states that the work * * * was done between April 16, 1841, and August 29, 1841, is sufficient.'—(Id. sec. 360.)"

In *Hayes* v. *Hammond*, 162 Ill. 133, it was said (p. 136): "Again, it is contended that the statement is defective because it does not show each day on which items for extra work and material accrued. The contract set out was an entire contract, which the statement showed was performed continuously, from day to day, between July 2, 1892, and September 7, 1892, and while this contract was being performed sundry extra work and material were furnished. The contract, being an entire one, constituted a single item, and it was not necessary to give each date on which some increased work or material was furnished in its performance."

°

In *Blanchard* v. *Fried*, 162 Ill. 462, the statement was dated September 1, 1892, at the top; and the items of lumber furnished were dated, but without giving the year, and it was held sufficiently accurate.

In the case at bar the contract was to furnish all the labor and materials in a building and to erect a certain building for Rickey, and the consideration for the undertaking was to be the cost of labor and materials and ten per cent additional as compensation. Such a contract would necessitate keeping an account of the material that went into the building and of the time expended in laboring on the same, and such an account was kept and set out in full in the statement, stating the items of material with great minuteness and the hours of the various kinds of labor, followed by a statement of the names of the persons who furnished the material, what it was and the price, as well as a bi-weekly statement of the amount paid out as wages, giving date of pay-roll each time, the whole concluding with the statement "that the above mentioned material was furnished and said labor performed by said Grace & Hyde, pursuant to said agreement, between the 9th day of March, 1893, and the 17th day of June, 1893, and on said last named day the last of said material was furnished and the said agreement or contract completed on the part of said Grace & Hyde." We are satisfied that the statement was sufficient, under the rule announced in the previous decisions of this court. The time during which the contract was performed is substantially stated, and affords sufficient information to enable those interested to know that it could be enforced. Instead of contracting for the work to be done for a certain lump sum, it was to be done for the cost of labor and materials plus ten per cent profit.

But it is contended that the items of credit for "material returned and labor furnished, $218.99," and "cash received, $5600," are lump sums, and should have shown specifically what they consisted of. This contention is

devoid of merit.   They are credits which go to reduce the amount of the lien, and afford sufficient information to all concerned that no claim for a lien is made for such amounts.

It is also contended that the pay-rolls ought to have been more specific as to giving names and stating time. We are of the opinion that no such particularity is required by the statute.   The statement, in view of the contract, was sufficiently specific.

But it is insisted that this was not an entire contract. In *City of Chicago* v. *Sexton*, 115 Ill. 230, a contract for a given sum for all of the work of a certain character required in the erection of a building was regarded as an entire contract, though the cost of each story was separately estimated, and though a power to declare a forfeiture might have been exercised to a part as well as to the whole of the work on a particular story.   In *Cary-Lombard Lumber Co.* v. *Fullenwider*, 150 Ill. 629, a contract to furnish materials as the work progressed, to be paid for in monthly installments, so that on the first of each month a payment was to be made for materials furnished in the preceding month, was held to be an entire contract. It cannot be said here that Rickey contracted to pay for each piece of material as it went into the building or for each day's work as it was performed, nor that his contract was for each piece of material or for each day's work separately.   On the contrary, his contract was for the whole job,—for all the material and for all the labor necessary to complete it,—and the mode of calculating the sum due did not deprive this contract of the character of an entire contract.

It is claimed that it was not an entire contract because there was no specific sum stipulated to be paid for the full performance of it.   A contract to buy one thousand bushels of wheat at the market price on some particular day in the future would not furnish any specific amount to be paid at the time of making the contract, but no one

would claim that it would for that reason not be an entire
contract.    Grace & Hyde agreed to build a flat-building
for Rickey, and the contract furnished the data for cal-
culating what would be due upon it when it was finished.
The amount was certain, under the familiar maxim that
that is certain which can be rendered so.

The next objection to the statement is, that it was not
properly verified.   The verification is as follows: "Frank
D. Hyde, being duly sworn, deposes and says that the
foregoing statement or account or demand due, by him
subscribed, is true, to the best of his knowledge and be-
lief."   It is claimed that the addition, "to the best of his
knowledge and belief," vitiates the affidavit.   We are re-
ferred to the rule in regard to pleas in abatement—that
such an affidavit would not be sufficient in their verifi-
cation.   Pleas in abatement are dilatory pleas, are not
favored, and a high degree of certainty as applied to
them is necessary, certainty to a common intent not being
sufficient.   We see no reason why the same rule should
be applied here as to dilatory pleas.   As said in *Springer*
v. *Kroeschell, supra,* certainty to a common intent is all
that is required in stating a mechanic's claim, and as the
statute merely says that the statement must be "verified
by an affidavit," no good reason can be perceived why
any greater certainty is required in the affidavit than
in the statement or demand itself.   Besides, it will be
noticed that this affidavit does not purport to be made
upon information and belief, but states in positive lan-
guage that the statement subscribed by affiant is true,
and then is added the additional phrase, "to the best of
his knowledge and belief."

We are referred to *Globe Iron R. and C. Co.* v. *Thatcher,*
87 Ala. 458, as holding that such an affidavit is insuffi-
cient.   The affidavit there involved was, that "the fore-
going statement is true as to the best of the affiant's
knowledge and belief."   The Alabama statute required a
verification by the oath of the claimant, "or some other

person having knowledge of the facts." The court held that the affiant did not swear that he knew the facts to be true or that they were true without qualification, but that the most favorable construction to be placed upon the affidavit was, that some of the facts were known to be true, and others, though not within the knowledge of the affiant, were believed to be true. Our statute, however, is not so specific in its provisions relative to the affidavit, and we are not disposed to adopt so strict a rule, the only effect of which would be to defeat the operation of the statute in many meritorious cases, in which no one not learned in the subtleties of the law would doubt the sufficiency of the statement or its verification. This affidavit is made by one of the principals having knowledge of the facts, and he states that they are true, and we do not think that the addition of the phrase, "to the best of his knowledge and belief," renders the affidavit uncertain. In making up his statement or account he would be compelled to rely upon his foreman for many of the various items composing it, and also upon others as to the title and description of the premises. We are·of the opinion that perjury could be assigned on this affidavit, (*Johnson* v. *People*, 94 Ill. 505,) and we must hold it sufficient. For further authority see *Pratt* v. *Stevens*, 94 N. Y. 387; *Jackson* v. *Webster*, 6 Munf. 462; *In re Keller*, 36 Fed. Rep. 681; 1 Ency. of Pl. & Pr. title "Affidavits," 309.

The judgment of the Appellate Court and the decree of the Superior Court are both reversed and the cause is remanded to the Superior Court, with directions to allow the lien of the cross-complainants as prayed, and to enter a decree in the cause not inconsistent herewith.

*Reversed and remanded.*