John W. Roberts, Appellee, v. Edward J. Willmering, Appellant.

Gen. No. 6,875.

1. VENDOR AND PURCHASER, § 160*—*what title of landowner where contract given for deed.* The owner of land who enters into a contract for a deed therefor retains both the legal and equitable title, becoming a trustee of the title for the purchasers, and is not a creditor, incumbrancer or purchaser within the meaning of the Mechanics' Liens Statute, but is the owner.

2. MECHANICS' LIENS, § 112*—*what rights of subcontractor where contractor defaults.* Upon abandonment of a building contract by a contractor, the subcontractor, by virtue of paragraph 35, sec. 21, of the Mechanics' Liens Act (J. & A. ¶ 7159), becomes entitled to the same rights as the contractor and, as to the owner, the 4 months' limitation does not apply.

3. MECHANICS' LIENS, § 33*—*what liability of owner where contract made with purchaser under contract for deed.* When the owner of land knowingly permits an improvement to be made thereon under a contract with a purchaser under a land contract, the provisions of section 1 of the Mechanics' Liens Law (J. & A. ¶ 7139) apply.

4. MECHANICS' LIENS, § 150*—*what rights of subcontractor against owner.* A subcontractor, standing in the place of a contractor and clothed with a contractor's rights against the owner of premises,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

may file his claim for a lien and bring suit for the enforcement thereof against the person who was the owner at the time of making the improvements at any time within 2 years after completion of the improvement.

Appeal from the Circuit Court of Peoria county; the Hon. T. N. GREEN, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed April 13, 1921. Rehearing denied June 21, 1921.

A. JACOBSON and JOHN B. KING, for appellant.

GEORGE J. JOCHEM and MARY DOUBET CASSELL, for appellee.

MR. PRESIDING JUSTICE HEARD delivered the opinion of the court.

In 1916, appellant was the owner of certain lots in the Village of Avery in Peoria county. About November 1, 1916, he entered into a written contract with the firm of McCann Brothers for the sale of these lots to them. Shortly thereafter McCann Brothers took possession of the real estate but never completed the purchase or paid any material part of the purchase price therefor. Shortly after they took possession of the lots, McCann Brothers, with the knowledge of appellant, entered into a contract with one Robert Wilson, whereby Wilson agreed to furnish all necessary labor and material and to construct at least two houses for McCann Brothers on said lots. Shortly after this last-mentioned contract was entered into, Wilson entered into a verbal contract with appellee whereby appellee agreed to furnish all labor and material for, and to construct the foundations and chimneys for, said houses.

Immediately after entering into said contract, appellee commenced performance thereof, and continued in such performance until shortly prior to January 1, 1917, at which time he had completed one of said foundations and a part of one of said chimneys, and

had partially completed another of said foundations, all in substantial compliance with the terms of his said contract; but he had received from said Wilson during the progress of said work only $20 on account thereof.

Wilson neglected to make payment to appellee on account of said work as the same progressed, pursuant to the terms of said contract, and on or shortly prior to January 1, 1917, because of such failure by said Wilson to make payments, appellee ceased performance of his said contract, and demanded of said Wilson, and of said McCann Brothers, payment for the work and materials which he had then already furnished, and the contract for building the houses was abandoned by Wilson.

On or about January 2, 1917, McCann Brothers accepted said work then already done by appellee and agreed with appellee that his work and materials which had then been furnished amounted in value to the sum of $397, and they assumed payment of said sum to appellee.

McCann Brothers, after assuming payment for said work, proposed to the complainant that if he would accept of them, in payment thereof, a certain promissory note for the sum of $800 secured by mortgage on real estate in Fulton county, Illinois, and if appellee would give them his promissory note for the difference between $800 and the amount due to him for his work, payable March 1, 1917, such arrangement would be an accommodation to them, and that he would thereby, without doubt, obtain payment of his said account against them upon the maturity of said notes.

Appellee, relying on the statements made to him by McCann Brothers, accepted their proposition and they thereupon delivered to him the note and mortgage for $800, and he, at the same time, gave to them his note for said difference, payable as aforesaid, and

at the same time he gave to them his receipt in writing for said sum of $397, which said sum it was in said receipt recited 'was payment in full for the labor and material furnished by him upon the foundations and chimneys of said houses.

Very shortly after making said settlement, appellee became dissatisfied therewith, and on January 24, 1917, he went to McCann Brothers and advised them he had been misled and deceived by them as to the value of said $800 note and mortgage, and that they had made false representations to him with reference thereto, and he then demanded said settlement be rescinded. Thereupon said settlement was by him and McCann Brothers by mutual agreement wholly rescinded and set aside, and said mortgage was by him returned to McCann Brothers and they at the same time returned to him his note and they then gave him their promissory note for the sum of $397 payable on or before 60 days after date, for and on account of said work and materials.

At the time of the settlement appellee demanded of McCann Brothers the return of said receipt and said McCann Brothers expressly admitted that he was entitled to return thereof but did not return it but promised him they would find it later and return it to him.

The receipt was never returned to appellee and no part of said note given to appellee has ever been paid, but he still holds the same, and offered and introduced it in evidence on the hearing hereof.

On or about May 14, 1917, appellant forfeited all interest of McCann Brothers in the said real estate, and resumed possession thereof including the foundations and chimneys and other work furnished and constructed by appellee thereon; and thereafter, during the summer of 1917, he constructed upon one of said foundations a complete dwelling house.

May 18, 1917, appellee filed his claim for lien on

the lots in question, in the office of the clerk of the circuit court of Peoria county, for the labor and materials furnished by him, and on October 29, 1917, filed his petition for the enforcement of his claim for lien in the circuit court of Peoria county.

The cause was referred to the master in chancery who reported his finding among other things that appellee was not entitled to a lien.

Exceptions to the report of the master in chancery were filed, and upon hearing the court found that appellee was entitled to a lien upon said premises for the payment of $397 and entered a decree in appellee's favor for the enforcement of the lien, from which decree appellant has appealed.

Appellant contends that appellee was a subcontractor under Wilson; that McCann Brothers were the owners of said lots under a contract of purchase from appellant at the time of the contract and until after the work was abandoned; that no notice as a subcontractor or any proper claim for a lien was ever filed as required by the statute; that the statute with reference to such lien expressly provided that no contractor shall be allowed to enforce such lien to the prejudice of any creditor, or incumbrancer or purchaser unless within 4 months after completion of the improvement, or if extra or additional work is done and material is delivered therefor within 4 months after the completion of such extra or additional work, or the final delivery of such extra or additional material, he shall either bring suit to enforce his lien therefor, or file with the clerk of the circuit court in the county in which the property to be charged with the lien is situated, a claim for lien, etc., and that no such claim for lien, and no suit for the enforcement of such lien was filed with such clerk or instituted within such 4 months' period.

By the contract for a deed between appellant and McCann Brothers, McCann Brothers did not become

the owners of the land but appellant retained both the legal and equitable title thereto and became the trustee of the title for the benefit of McCann Brothers. He therefore was not a creditor, incumbrancer or purchaser within the meaning of the statute but was the owner of the land. *National Fire Ins. Co. v. Three States Lumber Co.,* 217 Ill. 122.

Paragraph 35, sec. 21, of the Mechanics' Liens Act (J. & A. ¶ 7159) provides: "In case of default or abandonment by the contractor, the subcontractor, or party furnishing material, shall have and may enforce his lien to the same extent and in the same manner that the contractor may under conditions that arise as provided for in section 4 of this Act, and shall have and may exercise the same rights as are therein provided for the contractor." When Wilson abandoned and made default on contract with appellee, appellee became entitled to the same rights as if he had been the original contractor instead of a subcontractor and as to the owner, himself, the 4 months' limitation does not apply. Paragraph 21, sec. 7, ch. 82, Rev. St. Ill. (J. & A. ¶ 7145).

Section 1 of the Mechanics' Liens Law (J. & A. ¶ 7139) provides: "That any person who shall by any contract or contracts, express or implied, or partly expressed or implied, with the owner of a lot or tract of land, or with one whom such owner has authorized or knowingly permitted to contract for the improvement of, or to improve the same, furnish material, fixtures, apparatus or machinery, forms or form work used in the process of construction where cement, concrete or like material is used for the purpose of or in the building, altering, repairing or ornamenting any house or other building, * * * on the order of his agent, architect, structural engineer or superintendent having charge of the improvements, building, altering, repairing or ornamenting the same, shall be known under this act as a contractor, and shall have a lien

upon the whole of such lot or tract of land * * * This lien shall extend to an estate in fee, for life, for years, or any other estate or any right of redemption, or other interest which such owner may have in the lot or tract of land at the time of making such contract or may subsequently acquire therein.'' While the contract with appellee was made with McCann Brothers and not with appellant, the evidence clearly shows appellant knowingly permitted the improvement in question and therefore the provisions just quoted apply to this case.

Appellee, standing in the place of the contractor and clothed with a contractor's rights as against the owner, had a right to file his claim for lien and bring suit for the enforcement of said lien at any time within 2 years after the completion of the work against the person who was the owner at the time of making the improvements. *Brown Const. Co. v. Central Illinois Const. Co.*, 234 Ill. 397; *Pittsburgh Plate Glass Co. v. Kransz*, 291 Ill. 84; section 21, ch. 82, Rev. St. Ill. (J. & A. ¶ 7145). Having done so he was entitled to a decree for the enforcement of the lien.

The decree is affirmed.

*Affirmed.*