(No. 37003.—

JOHN F. KOESTER, d/b/a Paxton Concrete Products, Appellant, *vs.* HURON DEVELOPMENT COMPANY *et al.,* Appellees.

*Opinion filed September 28, 1962.*

ALLEN & KORKOWSKI, of Rantoul, for appellant.

WHEAT, HATCH & CORAZZA, of Champaign, (JOSEPH W. CORAZZA and HAROLD A. BAKER, of counsel,) for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

Upon leave granted by this court, the plaintiff, John Koester, doing business as Paxton Concrete Products, appeals from a judgment of the Appellate Court for the Third District affirming an order of the circuit court of Champaign County which dismissed plaintiff's complaint to foreclose a materialman's lien. See: *Koester* v. *Huron Development Co.* 32 Ill. App. 2d 265.

The facts are not in dispute. Huron Development Company, the owner of certain real estate, contracted with George Day, a general contractor, to construct 75 homes on the property and Day, in turn, subcontracted with plaintiff to furnish the concrete blocks necessary for the project. On June 25, 1956, plaintiff completed the delivery of blocks but, apparently content to rely solely upon the credit of the general contractor, took no steps to perfect a lien against the owner of the premises. (See: Ill. Rev. Stat. 1955, chap. 82, par. 24.) Day, the general contractor, filed a petition in bankruptcy and abandoned his contract with Huron on October 22, 1956, and two days later, or 121 days after the furnishing of the concrete blocks had been completed, plaintiff served a written notice on Huron that he claimed a mechanic's lien in the amount of $5,189.13 for materials furnished. On October 30, 1956, Huron instituted suit to quiet title to the real property involved and prayed and was given leave to file a bond for the release of the alleged lien.

Day was discharged in bankruptcy on June 24, 1958, and plaintiff, on the same date, filed a complaint in the circuit court of Champaign County for the foreclosure of his alleged mechanic's or materialman's lien naming Day, Huron and the latter's bonding company as parties defendant. Upon

motion of the defendants, the complaint was dismissed on the ground that plaintiff had failed to perfect his lien in the time and manner required by statute. Plaintiff then appealed to the Appellate Court where the judgment of the trial court was affirmed, the *ratio decidendi* being that plaintiff had not perfected his lien due to his failure to comply in apt time with the mandatory direction of the statute that a subcontractor shall, within 60 days after completing the furnishing of labor or materials, cause a written notice of his claim to be served upon the owner of the real estate, or his agent. (See: Ill. Rev. Stat. 1955, chap. 82, par. 24; *Butler & McCracken* v. *Gain,* 128 Ill. 23; *Liese* v. *Hentze,* 326 Ill. 633.) And while we are in accord with all that is said in the opinion of the Appellate Court, we have granted further review to consider plaintiff's claim, predicated on *Roberts* v. *Willmering,* 220 Ill. App. 620, that the Appellate Court erred in failing to hold, under the provisions of section 21 of the Mechanics Liens Act, (Ill. Rev. Stat. 1955, chap. 82, par. 21,) that he was not required to give the usual 60-day notice in this instance.

Section 21 of the act, which pertains to the liens of subcontractors and materialmen, concludes with the following provision: "Also, in case of default or abandonment by the contractor, the sub-contractor or party furnishing material, shall have and may enforce his lien to the same extent and in the same manner that the contractor may *under conditions that arise as provided for in section four (4) of this act, and* shall have and may exercise the same rights as are therein provided for the contractor." (Emphasis supplied.) From this language, the plaintiff, who has omitted the vital and controlling reference to "section four (4)" from the presentation of the statute in his brief, argues that by reason of the general contractor's bankruptcy and abandonment of the contract with Huron, he, as a subcontractor or party furnishing material, became entitled to *all* rights conferred upon the contractor by the act. More specifically, it is claimed

that plaintiff succeeded to the rights spelled out in sections 7 and 9 of the act which permits those who furnish labor or materials pursuant to contract with the property owner to file their claim for lien and to bring suit for its enforcement, as against the owner, within two years after the completion of the contract. Ill. Rev. Stat. 1955, chap. 82, pars. 7, 9.

Quite apart from the compulsions of the firmly established precept that statutes creating mechanics' liens are in derogation of the common law and must be strictly construed, (*North Side Sash and Door Co.* v. *Hecht,* 295 Ill. 515, 519; *Cronin* v. *Tatge,* 281 Ill. 336, 337,) the construction of section 21 contended for by plaintiff does clear violence of the language employed by the legislature. The section does not provide that a subcontractor, upon default or abandonment by the contractor, shall succeed to *all* rights conferred upon the contractor by the act, but, where such default or abandonment occurs, states only that the subcontractor "shall have and may enforce his lien to the same extent and in the same manner that the contractor may under conditions that arise as provided for in section four (4) of this act, and shall have and may exercise the same rights as are therein provided for the contractor." Section 4, in turn, contemplates the "condition" where an owner breaches the contract before completion and provides that, in such case, the contractor may discontinue work without liability for delay, and that if, after ten days, the owner has failed to comply with the contract, the contractor may then abandon the contract, shall then be entitled to perfect and enforce his lien for the value of what has been done, and may remove any materials previously furnished so long as they have not been incorporated into the improvement. (Ill. Rev. Stat. 1955, chap. 82, par. 4.) In short, the whole tenor of the section is that, upon default or abandonment by the owner, the contractor may then perfect and enforce his lien to the extent of the work done even though there has been no completion of the contract. See: *Ruddy* v.

*McDonald,* 244 Ill. 494; 36 Am. Jur., Mechanic's Liens, sec. 36.

When the language by which the legislature has expressed itself in the portion of section 21 relied upon by plaintiff is given its ordinary meaning, and read with section 4, it is patently obvious that the former has reference and applies only to the situation where the contractor defaults or abandons his contract or subcontracts at a time when there has been only partial performance by a subcontractor or materialman. In such case, as the contractor is permitted to do under section 4, the subcontractor may, without completing his contract or being liable for delay, then perfect and enforce his lien for the value of the labor or materials partially furnished, and may remove from the premises any of his materials which have not been incorporated in the improvement. (See: Love, Mechanics' Liens in Illinois, p. 481; Miner, Mechanics' Lien Law of Illinois, sec. 37; *Mantonya* v. *Reilly,* 184 Ill. 183.) We read nothing in sections 4 and 21, as appears to have been suggested in *Roberts* v. *Willmering,* 220 Ill. App. 620, which either excuses a partially performing subcontractor from perfecting his lien as required by section 24, or which clothes such subcontractor with the rights of a contractor referred to in section 7. Most certainly the legislature did not intend by section 21, as the plaintiff here argues, that default or abandonment on the part of a contractor would serve to revive the lien of a subcontractor who, prior to such default and abandonment, had fully performed his subcontract but had failed to perfect his lien in the manner and within the time required by the statute.

The Appellate Court committed no error in failing to apply section 21 in this case and its judgment is affirmed.

*Judgment affirmed.*