Argued December 3, 1970, affirmed March 24, 1971

DENNY, *Appellant, v.* ALDER, *Respondent.*

482 P2d 723

*George G. Van Natta*, St. Helens, argued the cause for appellant. With him on the brief were Van Natta & Petersen, St. Helens.

*David B. Williamson*, St. Helens, argued the cause for respondent. With him on the brief were Williamson & Whipple, St. Helens.

Before O'CONNELL, Chief Justice, and DENECKE, TONGUE, and BRYSON, Justices.

BRYSON, J.

Plaintiff brought an action for claim and delivery to recover possession of personal property taken from the plaintiff's home and described as:

> "One Large punch bowl, Ten cups and ten glasses, Twelve unopened bottles of beer, Five cases of empty beer bottles, two bottles of pills, prescriptions for vitamins and iron, Six empty liquor bottles, packages of cigarettes, Approximately three gallons of punch as the contents of a punch bowl, glasses and cups."

of the alleged value of $250. Plaintiff's prayer demanded judgment for the return of the property, "or for the value thereof if the return can not be had; for $1.00 actual damages; for $10,000.00 in punitive damages * * *."

The defendant filed a general denial and a separate affirmative answer alleging that the defendant was the Chief of Police of the City of Scappoose, Oregon, and, acting in such capacity, entered the premises

of the plaintiff when he observed a violation of a city ordinance of the City of Scappoose on defendant's premises and obtained the above-mentioned personal property "which was connected with the above violation and has preserved the same for the purpose of the prosecution of said violation."

Plaintiff replied by filing a general denial.

At the conclusion of the plaintiff's case, the defendant moved for and the court granted a judgment of involuntary nonsuit.

The single assignment of error is that the trial court erred in sustaining defendant's motion for involuntary nonsuit.

The record in this case discloses the following: That on the night of January 6, 1968, in the City of Scappoose, Oregon, there was a "punch" or beer party in progress at the plaintiff's home, attended by a goodly number of young people under the age of 21 years and three adults, including the plaintiff. The defendant, as Chief of Police of Scappoose, together with one or more county deputy sheriffs and some reserve officers, had the residence of plaintiff under surveillance for some time. During this period of time, different young people were coming and leaving in automobiles. The principal beverage of the evening was a concoction served from a punch bowl. The ingredients in the concoction consisted of rum, vodka, sloe gin, and "pop." One witness testified that some 13 bottles of vodka and rum had been brought on the premises by different participants in the evening's activities. At a certain hour the defendant and other officers entered the premises and arrested several of the juveniles and the plaintiff and took them to the police station. They also took from the plaintiff's resi-

dence, as evidence, the items of personal property the subject of this claim and delivery action. At least "one of the minors pleaded guilty in the juvenile court and one of the minors * * * pleaded guilty in the adult court to minor in possession * * *."

The plaintiff filed an undertaking with sureties for the return of the above personal property and defendant filed a corporate redelivery undertaking for the personal property, thereby retaining possession of the property.

The present case, although filed on January 19, 1968, did not come on for trial until February 10, 1970, and at that time the defendant produced, in court, the above-described personal property.

■ In considering plaintiff's assignment of error that the trial court erred in granting motion for nonsuit, we are mindful that a motion for nonsuit admits the truth of plaintiff's competent evidence and of every inference or fact that can be reasonably and legitimately drawn therefrom. Plaintiff's evidence must be viewed in the light most favorable to the plaintiff.

By eliminating the irrelevant portions of defendant's motion, we conclude that the gist of the motion is based on the following statement by defendant's counsel:

"* * * Mr. Denny who is the only one that testified at all as to damages to himself gave absolutely no testimony that he was damaged by this taking. * * * A replevin action is a possessory action. * * * [T]he only damages that are available in the case of a replevin action * * * if the property isn't available and it is available in this case, would be the value of the property, and that part is out of this case because the property is in court and Chief Alder tendered it to * * * plain-

tiff * * * as far as we're concerned there are no strings attached. * * * [T]he only other measure of damages in a claim and delivery or a replevin action is the loss of use of the goods during the time it was detained. There has been no evidence at all in this case that Mr. Denny suffered damage by the loss of use of these items * * *."

This is not a complete statement of the law but it did present the question to the trial judge as to whether or not defendant tendered the personal property to the plaintiff and if there was any evidence of damages. The plaintiff, in his brief, makes the following comment:

"In open court, on several occasions and included as a basis for a part of his motion for non-suit the defendant by his counsel (Tr 101, 102, 109) 'tendered' plaintiff's chattels to plaintiff; said defendant did not claim them, and wanted plaintiff to have them. It was a 'jaw-bone' tender, unaccompanied by any pleading, or any claim in any form that the items had ever previously been offered to the plaintiff. The trial court rightly concluded that there was no longer any issue about the recovery of plaintiff's chattels."

■ We feel there was a proper tender of the items of personal property. The property was in the courtroom, the plaintiff was there and the property was offered to him on several occasions. This court, in *Bembridge v. Miller*, 235 Or 396, 402, 385 P2d 172 (1963), held as follows:

"At common law the term 'tender' has definite legal significance imparting not merely the willingness and intent to perform but also the ability at the time of tender. * * * The thing tendered, whether money, documents or chattels, must actually be produced and made available for the acceptance and appropriation of the person to whom it is offered * * *."

Further, the plaintiff concedes that "the trial court rightly concluded that there was no longer any issue about the recovery of plaintiff's chattels."

■ Thus, with the property, subject to the claim and delivery action, present in the courtroom and made available to the plaintiff in the courtroom, the only remaining question would be whether or not the property has a value on account of the use to which it may have been put while not in plaintiff's possession and whether or not any evidence was offered for proof of these damages. A close examination of the testimony reveals that there was no evidence offered to prove any damages for the loss of the use of said personal property while it was in the defendant's possession.

■ There is a further reason why the court should have dismissed the case and, for clarity, it should be mentioned. It is a general rule of law that property seized in enforcing the criminal laws is in the custody of the law and cannot be replevied and property held as evidence in a criminal prosecution cannot be replevied. 77 CJS 28, *Replevin* § 41. *See also* Annotations 11 ALR 681 and 13 ALR 1168. A case in point is *Shaide v. Brynjelfson*, 78 ND 531, 50 NW2d 500 (1951), wherein plaintiff brought a claim and delivery action against defendant to recover possession of a rifle which was allegedly unlawfully detained by the defendant game warden, who seized the rifle when plaintiff was arrested on the ground that plaintiff had been shooting deer out of season. The court held that the gun was in "custodia legis" at the time of the commencement of plaintiff's claim and delivery action and such action could not be maintained for the recovery of possession of the gun. Citing other authorities at p 504. *See also*

*Clemons v. Wilson,* 151 Kan 250, 98 P2d 423 (1940);
*Dail v. Price,* 184 Md 140, 40 A2d 334 (1944).

In the present case, the defendant, as Chief of Police of Scappoose, Oregon, took the items of personal property mentioned herein as evidence at the same time he arrested the plaintiff and took into custody some 15 juveniles for violation of a city ordinance. This claim and delivery action was filed 13 days after the arrest, and it is reasonable to assume that all of the cases had not been finally disposed of at the time of filing this action. We feel there was no error in the trial court entering a motion for involuntary nonsuit.

The judgment is affirmed.