Argued November 5, 1974, reversed and remanded January 7, 1975

OREGON BROADCASTING COMPANY,
*Appellant, v.* GRECIAN HEALTH SPA
OF MEDFORD ET AL, *Respondents.*

530 P2d 80

*James M. DeCourcey,* Medford, argued the cause for appellant. With him on the briefs were Carl M. Brophy, and Brophy, Wilson & Duhaime, Medford.

*John Patrick Cooney,* Medford, argued the cause for respondents Earl Denning and Edna Denning. With

him on the brief were Donald K. Denman, and Denman & Cooney, Medford.

Before O'Connell, Chief Justice, and Holman, Tongue, Howell, Bryson and Sloper, Justices.

HOLMAN, J.

Plaintiff brought suit to foreclose certain mechanic's liens for labor and materials which were used by a lessee in the building of improvements upon defendants' land. Plaintiff appeals from a decree of the trial court dismissing its suit.

Plaintiff's suit was dismissed because of plaintiff's failure to plead that it gave defendants notice of its intent to foreclose the liens as required by ORS 87.-020 (3):

> "Every plaintiff or cross-complainant in a suit to foreclose a lien created under ORS 87.010 shall plead and prove that a notice in writing stating that such person, or others, intends to commence suit to foreclose his, or their, lien, was mailed or delivered to the owner or reputed owner of the property upon which the lien is claimed at least seven days prior to the commencement of the suit to foreclose such lien."

It is contended by plaintiff that the failure to plead or prove the delivery of a notice to foreclose is a prohibition only to the allowance of costs and disbursements including a reasonable attorney's fee. On the other hand, defendants claim that such a failure is a complete bar to the bringing of a suit. This dispute is the only issue upon appeal.

ORS 87.060 (3), which is part of the statute covering foreclosure of mechanic's liens, provides:

> "In all suits under ORS 87.005 to 87.075 the

court shall, upon entering judgment for the plaintiff, allow as a part of the costs all moneys paid for the filing and recording of the lien, and also a reasonable amount as attorney's fee; but no costs, disbursements or attorney's fee shall be allowed to any plaintiff or cross-complainant who fails to comply with subsections (2), (3) and (4) of ORS 87.020."

Prior to the 1953 recodification resulting in the Oregon Revised Statutes, OCLA 67-101 provided in part:

"(c) It shall be the duty of every person, firm or corporation appearing as plaintiff or cross-complainant in any suit to foreclose a lien created by this act, to plead and prove that a notice in writing stating that such person, firm or corporation, or others, intends to commence suit to foreclose his, or their, lien, was mailed or delivered to the owner or reputed owner of the property upon which the lien is claimed at least seven days prior to the commencement of the suit to foreclose such lien;

"(d) No costs, disbursements or attorney's fees shall be allowed to any plaintiff or cross-complainant in any suit to foreclose a lien created by this act who fails to comply with the requirements of subdivisions (a), (b) and (c) of the further [sic] provisions of this act." (Brackets in original.)

In the 1953 recodification these subdivisions were separated and reworded, with subdivision (c) appearing as ORS 87.020 (3) and subdivision (d) appearing as ORS 87.060 (3). As can be seen, there was no substantial change in the meaning of the wording which resulted from the recodification; therefore, any change in meaning came about by virtue of the separation and repositioning of the subdivisions. However, the preface to the 1953 Oregon Revised Statutes informs us recodification was not intended to change the legal effect of the statutes.

■ The obvious purpose of the requirement that notice of an intent to foreclose a lien must be given to the property owner is to give the owner an opportunity, prior to the commencement of suit, to pay the lien and to prevent liability for costs and disbursements including attorney's fees. Defendants suggest no other reason for requiring such notice but argue only that 1) lien statutes are in derogation of common law rights, are strictly construed, and, therefore, the notice should be treated as a prerequisite to the bringing of the suit; and 2) other kinds of notices, which have other purposes, have been considered by our decisions to be prerequisites to the foreclosure of liens.

■ The provisions of ORS 87.060(3), together with the statutory history of both ORS 87.020 (3) and 87.-060 (3), and the obvious purpose to be served by the notice, all indicate that the notice was intended not as a prerequisite to the bringing of a suit to foreclose but only as a prerequisite to the allowance of costs and disbursements including attorney's fees. Any other result would inflict a penalty of the loss of the lien without any discernible reason therefor.

The decree of the trial court is reversed and the case is remanded for trial.