# MOLALLA PUMP AND HEATING COMPANY,
*Appellant,*
*v.*
# CHANEY,
*Respondent.*

## (No. 78-12-164, CA 13883)

601 P2d 874

Gordon H. Price, Molalla, argued the cause and filed the briefs for appellant.

Thomas E. Laury, Portland, argued the cause and filed the brief for respondent.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

Plaintiff, a contractor, installed a pump in a well on defendant property owner's property and at his request. Plaintiff filed a lien and, after giving defendant proper notice of intention to foreclose the lien, filed this foreclosure proceeding. After defendant answered, plaintiff moved for summary judgment. Defendant responded to the motion with an affidavit to the effect that the property was subject to a prior mortgage. The trial court granted a summary judgment of foreclosure but denied plaintiff attorney fees and costs on the ground that the mortgagee was not given notice of intent to foreclose pursuant to ORS 87.057.[1] Plaintiff appeals.

Plaintiff asks that we read the statute to require the giving of notice only to a mortgagee who is a necessary party to the foreclosure, which defendant's mortgagee here was not. We decline to do so, and we affirm the trial court judgment.

■ ■ A statute which is clear on its face needs no interpretation based upon legislative history or upon rules of statutory construction. *State v. Thompson*, 20 Or App 61, 64, 530 P2d 532 (1975). Nowhere in the text of the statute is there a suggestion, or language that would permit an implication, that a "mortgagee" must be a necessary party to the foreclosure suit in order to

---

[1] ORS 87.057(1),(3):

"(1) A person intending to commence suit to foreclose a lien shall deliver to the owner of the property upon which the lien is claimed and to the mortgagee a notice in writing not later than 10 days prior to commencement of the suit, stating that such person, or others, intends to commence suit to foreclose the lien. Notice delivered to the mortgagee who received the notice required by ORS 87.025 shall be deemed in compliance with this subsection, unless the person giving notice has actual knowledge of a change of mortgagee.

"(2)  * * *

"(3) A plaintiff or cross-complainant seeking to foreclose a lien in a suit to foreclose shall plead and prove compliance with subsections (1) and (2) of this section. No costs, disbursements or attorney fees otherwise allowable as provided by ORS 87.060 shall be allowed to any party failing to comply with the provisions of this section."

be entitled to be notified. ORS 87.005(6) defines the term "mortgagee" for purposes of the lien law:

> " 'Mortgagee' means a person who has a valid subsisting mortgage of record or trust deed of record securing a loan upon land or an improvement."

ORS 87.057(1) is not ambiguous. It clearly says a person with a secured interest on the land or improvements, regardless of whether the person is a necessary or merely permissive party to a foreclosure suit, is supposed to be given the notice. The statute must therefore be enforced according to its terms. *Remodeling Consult., Inc. v. Builders Bd.*, 19 Or App 794, 799, 528 P2d 1373 (1974), *rev den* (1975).

Affirmed.