Submitted August 27, affirmed October 22, 1979

## NUGENT,
*Respondent,*
*v.*
## CARSON, et ux,
*Appellants.*

### (No. 78-156-E, CA 13094)

601 P2d 840

Dan Wolke and Martin and Wolke, Grants Pass, filed the brief for appellants.

Michael L. Mowrey and Brown, Hughes, Bird & Lane, Grants Pass, filed the brief for respondent.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

TANZER, P. J.

## TANZER, P. J.

Plaintiff brought suit to foreclose a construction lien for work done on a house. He obtained judgment and was awarded costs. Lien filing fees and attorney fees were denied for failure to give proper notice. Defendant appeals.

■ Defendant first asserts that the evidence does not support the findings and award for plaintiff. The record contains evidence to support each challenged finding and the award and we agree with the findings of the trial judge, but there would be no precedential value to setting out the facts. We therefore uphold the findings without discussion.

Defendant also challenges the propriety of the award of costs. Defendant contends that plaintiff's failure to give notice as required by ORS 87.039(1) that a lien claim was filed, precludes plaintiff from recovering costs, as well as lien filing fees and attorney fees under ORS 87.039(2) and 87.060(4).[1] Defendant misconstrues these statutes.

---

[1] ORS 87.039 provides:

"(1) A person filing a claim for a lien as provided by ORS 87.035 shall deliver to the owner a notice in writing that the claim has been filed. The notice shall be delivered not later than 20 days after the date of filing. Notice delivered to the owner who received the delivery notice as provided by ORS 87.021 shall be deemed in compliance with the requirement of this subsection, unless the person giving notice has actual knowledge of changed ownership.

"(2) No costs, disbursements or attorney fees otherwise allowable as provided by ORS 87.060 shall be allowed to any party failing to comply with subsection (1) of this section."

ORS 87.060(4) provides:

"When notice of intention to commence suit to foreclose the lien has been given, pleaded and proven as provided for in ORS 87.057, the court, upon entering judgment for the lien claimant, shall allow as part of the costs all moneys paid for the filing or recording of the lien. In suits to enforce a lien created by ORS 87.010 the court shall allow as a part of the costs a reasonable amount as attorney fees to the prevailing party, except as provided in subsection (2) of ORS 87.039 and subsection (3) of ORS 87.057."

■ The source of entitlement to costs is different than the source for filing fees and attorney fees. A general statute entitles prevailing parties in civil litigation to costs, ORS 20.040. ORS 87.060(4) authorizes an award of attorney and lien filing fees to prevailing materialmen's lien claimants. The two operate independently of each other. *Cf. Ward v. Town Tavern, et al.,* 191 Or 1, 44, 228 P2d 216, 42 ALR2d 662 (1951). This award of additional fees is conditioned on compliance with ORS 87.039(1), which requires lienors to notify property owners within 20 days of filing a lien.[2] If a lienor fails to give the required notice, he is penalized by subsection (2) of ORS 87.039 and loses his right to recover attorney and lien fililng fees. The sanction in subsection (2), however, applies only to the special costs awarded by the lien statutes; it does not preclude operation of ORS 20.040, which allows general costs.

Because plaintiff failed to deliver the required notice, he cannot recover attorney and lien filing fees, but he remains entitled to costs under ORS 20.040.

Affirmed.

---

[2] Oregon's lien laws were comprehensively amended by the 1975 legislature. *See* 1975 Or Laws, ch 466. In order to assure that all parties would be kept fully informed of the lien proceedings, ORS 87.039(1) requires lienors to notify property owners within 20 days of filing a lien. ORS 87.039(2) was added to penalize those who failed to deliver this notice. *See* Letter, 11/25/74, Sen. Donald Husband, Chairman, Advisory Comm. on Lien Law Revision to Oregon Law Improvement Comm., at 5-6, found in 1974-75 House Judiciary Comm. hearings on HB 2336, Appendix F; Minutes, 2/20/75, House Judiciary Comm. meeting, Tape 5, side 1 at 1274 (Mr. Barkofski speaking).