Argued and submitted January 23, affirmed in part;
reversed in part; and remanded June 29, 1981

## LARO LUMBER COMPANY, INC.,
*Appellant,*

*v.*

## PATRICK,
*Respondent,*

(No. 36224, CA 17828)

630 P2d 400

Joseph E. Penna, Monmouth, argued the cause and filed the brief for appellant.

Richard C. Morley, Salem, argued the cause for respondent. With him on the brief was Bednarz, Feitelson & Morley, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Plaintiff brought this action to foreclose a construction lien for work done on a road. Defendant counterclaimed, contending that plaintiff failed to complete the work in a workmanlike manner, and prayed for damages representing the cost of completing the work in accordance with the contract terms.

The trial court found that the parties had entered into a written contract under which plaintiff agreed to construct a road to defendant's subdivision development for cost plus 10 percent to "* * * be completed in a substantial and workmanlike manner according to standard practices." It found that under the agreement plaintiff was entitled to recover $20,831.16. On defendant's counterclaim, the court found that the maximum grade of the road allowable to obtain local fire department service to the subdivision and to obtain local planning board approval was 12 percent. Because the grade exceeded 12 percent and because of substandard drainage and fill, the trial court concluded the road was of little value to defendant as a subdivider. It found plaintiff was aware of defendant's needs and should have been aware of local requirements for grade, drainage and fill and that defendant was entitled to a setoff of $8,484, the cost of bringing the road up to local standards.

Plaintiff first contends that the trial court erred in allowing defendant any setoff, because the amount of defendant's damage was not proved with reasonable certainty. In a case involving a claim of lost profits, the party with the burden of proof must establish with reasonable certainty that *some* profits would have been made even though the *amount* of such profit may be determined from evidence from which a satisfactory estimate based upon supporting data may be made. *Douglas Const. v. Mazama Timber,* 256 Or 107, 110-111, 471 P2d 768 (1970). But this is not a case in which defendant claimed loss of profits. Defendant's claimed setoff was for the cost of bringing the defendant's road up to the standards required by the contract. In such case, the cost of repair is the correct measure of damage. *Beik v. American Plaza Co.,* 280 Or 547, 555, 572 P2d 305 (1977). Defendant produced evidence that the cost of repairing the road would range from a low estimate

of $7,000 to a high estimate of $15,000. The estimates were based on supporting data as to the nature of the work, including removal of rock and the amount of labor and material that would be required to resurface the road. The evidence supports the trial court's conclusions both as to the fact that defendant sustained damage and as to the cost of repairing the road. Thus we affirm that portion of the decree.[1]

Plaintiff next contends that the trial court erred in failing to award him costs and attorney fees pursuant to ORS 87.060(4), which provides:

"When notice of intention to commence suit to foreclose the lien has been given, pleaded and proven as provided for in ORS 87.057, the Court, upon entering judgment for the lien claimant, shall allow as part of the costs all moneys paid for the filing or recording of the lien. In suits to enforce a lien created by ORS 87.010 the Court shall allow as part of the costs, a reasonable amount as attorney fees to the prevailing party, except as provided in subsection (2) of ORS 87.039 and subsection (3) of ORS 87.057."

ORS 87.039 provides:

"(1) A person filing a claim for a lien as provided by ORS 87.035 shall deliver to the owner a notice in writing that the claim has been filed. The notice shall be delivered not later than 20 days after the date of filing. Notice delivered to the owner who received the delivery notice as provided by ORS 87.021 shall be deemed in compliance with the requirement of this subsection, unless the person giving notice has actual knowledge of changed ownership.

"(2) No costs, disbursements or attorney fees otherwise allowable as provided by ORS 87.060 shall be allowed to any party failing to comply with subsection (1) of this section."

The manner of giving the notice is specified in ORS 87.018, which provides that all notices required to be given

---

[1] Plaintiff also contends that defendant sustained no damage, inasmuch as, on a cost plus basis, additional expenses for grading would have been incurred by plaintiff for which the defendant would have been required to pay. As noted, the record supported an award of a setoff of up to $15,000. There was evidence that approximately 50 percent of that amount would represent regrading. The amount of the setoff awarded was slightly more than 50 percent of the $15,000 figure. The parties requested no special findings and we cannot tell from the record that the amount of the setoff, which the trial court awarded, included any amount for the regrading.

under the lien statutes shall be in writing and delivered in person or by registered or certified mail. It is undisputed that, while the *notice of intent to foreclose* the lien was given by certified mail, *the notice of the filing* of the lien was given by regular mail. Though defendant admitted receipt of the notice, the trial court in reliance on ORS 87.039(2) denied attorney fees and lien costs, as well as general costs under ORS 20.040. It was apparently the trial court's belief that all costs and attorney fees should be denied, because the lien filing notice was not sent by registered or certified mail.

In *Ore. Broadcast. v. Grecian Health Spa,* 271 Or 31, 34, 530 P2d 80 (1975), the Supreme Court noted:

> "The obvious purpose of the requirement that notice of an intent to foreclose a lien must be given to the property owner is to give the owner an opportunity, prior to the commencement of the suit, to pay the lien and to prevent liability for costs and disbursements including attorney's fees. Defendants suggests no other reason for requiring such notice * * *." (Emphasis added.)

*See also Nugent v. Carson,* 42 Or App 701, 704, 601 P2d 840 (1979). Although these cases hold that a total failure to give notice of intent to foreclose prevents a lienor from recovering lien costs and attorney fees, they do not hold that failure to give notice in the *manner* prescribed precludes the award of costs and attorney fees under ORS 87.060.

Here the *notice of intent to foreclose* the lien was properly given under *Ore. Broadcast.* and *Nugent.* The only defect was in the manner of providing *notice of the filing of the lien itself.* But within 20 days of the filing of the lien, defendant had actual notice of its filing. Though ORS 87.039(2) provides that "[n]o costs, disbursements or attorney fees otherwise allowable as provided by ORS 87.060 shall be allowed to any party failing to [give notice that a claim has been filed]," plaintiff was in substantial compliance with that statute. The purpose of the requirement of giving notice of the filing of the lien and the subsequent requirement of notice of intent to foreclose are essentially the same. Here the purpose was served. Defendant had actual notice that a lien had been filed and had an opportunity to challenge it or to pay the lien and prevent liability

for costs and attorney fees recoverable under ORS 87.060. His failure to pay the amount claimed to be owing was not a result of the defective manner in which the notice was mailed, but because of a dispute over the adequacy of the plaintiff's performance of the contract.

■ One who fails to comply strictly with the notice requirements of ORS 87.018 in a lien foreclosure may run the risk of failing to convince the trier of fact that notice was given, thus forfeiting the right to costs and attorney fees. Where, however, notice was timely given and concededly received, there is no justifiable reason to deny lien costs and attorney fees under ORS 87.060. We conclude that there was substantial compliance here with the notice requirement of ORS 87.060 and that attorney fees and lien costs should have been allowed to plaintiff as a prevailing party in accordance with the liberal construction which we give to mechanic's lien statutes. *Pendleton Grain Gr. v. Sunbest Corp.,* 271 Or 48, 54, 530 P2d 82 (1975); *see Brown v. Portland School District # 1,* 291 Or 77, 628 P2d 1183 (1981). With respect to the trial court's failure to allow plaintiff general costs pursuant to the provisions of ORS 20.040, the court also erred in relying upon ORS 87.039. In *Nugent v. Carson, supra,* we held that

> "[i]f a lienor fails to give the required notice he is penalized by subsection (2) of ORS 87.039 and loses his right to recover attorney and lien filing fees. The sanction in subsection (2), however, applies only to the special costs awarded by the lien statutes; *it does not preclude operation of ORS 20.040, which allows general costs."* (Emphasis added.) 42 Or App at 704.

Further, as we have stated with respect to costs and attorney fees under ORS 87.060, the notice of intent to foreclose was in substantial compliance with ORS 87.060. Therefore, neither lien costs, attorney fees nor general costs were properly denied in this case.

■ Finally, plaintiff contends that prejudgment interest should have been allowed. By its judgment, the trial court found that plaintiff was entitled to recover $20,831.16, less a setoff for the cost of the repair to the road. The plaintiff's work on the project was completed on September 28, 1978. Payment in full was required to be made five days thereafter under the terms of the contract.

Therefore, as of October 4, 1978, some amount of money had become due under the contract. From that date, on the amount determined by the court to be then due, plaintiff was entitled to prejudgment interest. *North Pac. Const. Co. v. Wallowa County,* 119 Or 565, 572, 249 P2d 1100 (1926); ORS 82.010(1)(a). The fact that the amount was not fully ascertained until issues of fact had been resolved does not preclude the claim. *Isler v. Shuck,* 38 Or App 233, 239-40, 589 P2d 1180 (1979).

Affirmed in part; reversed in part; and remanded.