Argued and submitted December 12, 1983, affirmed February 8, 1984

# MORSE BROS. CONTRACTORS, INC.,
*Respondent,*

*v.*

# C.J.H. CONSTRUCTION CO. et al,
*Appellants.*

(16-79-07319; CA A28267)

675 P2d 1122

Paul D. Clayton, Eugene, argued the cause for appellants. With him on the brief was Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Thomas J. Murphy, Eugene, argued the cause for respondent. With him on the brief was Cass, Scott, Woods & Smith, Eugene.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Plaintiff prevailed in this action to foreclose a construction lien. ORS 87.060. Defendant C.J.H. Construction Co. (C.J.H.), the property owner, and its corporate surety, defendant United Pacific Insurance Company (UPI), appeal from the portion of the judgment awarding attorney fees, on the ground that plaintiff failed to plead and prove compliance with ORS 87.057(3). We affirm.

On February 1, 1979, plaintiff filed its claim for a construction lien. ORS 87.035. On February 6 plaintiff delivered notice to C.J.H. that the claim for a lien had been filed. ORS 87.039. On June 13, plaintiff sent defendants a notice of intent to commence an action to foreclose the lien. ORS 87.057(1). It is apparent that plaintiff knew, when it gave notice of intent to foreclose, that C.J.H. had obtained from UPI a surety bond as provided by ORS 87.076(1). On June 20, C.J.H. filed the bond and gave notice thereof to plaintiff. On July 31, plaintiff filed its complaint to foreclose the lien. Although the property subject to the lien was encumbered by a prior mortgage, plaintiff did not give notice of intent to foreclose to the mortgagee.

Defendants argue that ORS 87.057 bars the award of attorney fees, because plaintiff failed to give the mortgagee notice of intent to foreclose, relying on *Molalla Pump v. Chaney,* 42 Or App 789, 601 P2d 874 (1979). ORS 87.075(1) provides:

"(1)   A person intending to commence suit to foreclose a lien shall deliver to the owner of the property upon which the lien is claimed and to the mortgagee a notice in writing not later than 10 days prior to commencement of the suit, stating that such person, or others, intends to commence suit to foreclose the lien. Notice delivered to the mortgagee who received the notice required by ORS 87.025 shall be deemed in compliance with this subsection, unless the person giving notice has actual knowledge of a change of mortgagee."

In *Ore. Broadcast v. Grecian Health Spa,* 271 Or 31, 34, 530 P2d 80 (1975), the court observed that the purpose of the notice of intent to foreclose is to give the owner, prior to commencement of the action, an opportunity to pay the lien and avoid liability for costs and attorney fees. Similarly, the purpose of notice to the mortgagee of the intent to foreclose is

to give the mortgagee an opportunity to protect its security interest in the property.

■ To entitle a lien claimant to costs and attorney fees, compliance with the notice requirements must be pleaded and proved. ORS 87.057(3) provides:

> "(3) A plaintiff or cross-complainant seeking to foreclose a lien in a suit to foreclose shall plead and prove compliance with subsections (1) and (2) of this section. No costs, disbursements or attorney fees otherwise allowable as provided by ORS 87.060 shall be allowed to any party failing to comply with the provisions of this section."

When notice is pleaded and proved, the court must award reasonable attorney fees. ORS 87.060(4) provides in part:

> "When notice of intention to commence suit to foreclose the lien has been given, pleaded and proven as provided for in ORS 87.057, * * * the court shall allow a reasonable amount as attorney fees at trial and on appeal to the prevailing party, except as provided in ORs 87.039(2) and 87.057(3)."

 Plaintiff argues that, once the bond was filed, the lien attached only to the bond and that, because the mortgagee has no interest in the bond, it was not required to give the mortgagee notice under ORS 87.057(1).

■ ■ ORS 87.076(1) permits "the owner of * * * land against which a lien * * * is claimed * * * [to] file a bond * * * to the effect that the owner * * * shall pay the amount of the claim and all costs and attorney fees which are awarded * * * on account of the lien." The lien attaches to the bond, and the land is no longer involved in the foreclosure. ORS 87.083 provides in part:

> "(1) Any suit to foreclose a lien pursuant to ORS 87.060 which is commenced or pending after the filing of a bond or deposit of money under ORS 87.076 shall proceed as if no filing or deposit had been made except that the lien shall attach to the bond or money upon the filing or deposit and the service of notice thereof upon the lien claimant. The property described in the claim for lien shall thereafter be entirely free of the lien and shall in no way be involved in subsequent proceedings.
>
> "(2) When a bond is filed or money is deposited, if, in a suit to enforce the lien for which the filing or deposit is made, the court shall allow the lien, the lien shall be satisfied out of

the bond or money. The court shall include as part of its judgment an order for the return to the person who deposited the money of any amount remaining after the lien is satisfied.

"* * * * *"

Accordingly, once the bond was filed and C.J.H. gave plaintiff notice of the filing as required by ORS 87.078(2), the lien attached to the bond. When the action was commenced, neither the land nor the mortgagee's security interest in the land were involved or in jeopardy in the foreclosure action. The mortgagee was neither a necessary nor a permissive party, *see Molalla Pump v. Chaney, supra,* and neither had nor could claim an interest in the bond. Under these circumstances we can discern no reason for requiring plaintiff to give the mortgagee notice of the intent to foreclose. The trial court was correct when it awarded plaintiff attorney fees.

Affirmed.