# LEFFLER,
*Appellant,*

*v.*

# SPINDLER, dba Walt's Towing and Radiator Service,
*Respondent.*

(L80-2809; CA A28500)

686 P2d 1045

John L. Langslet, Portland, argued the cause for appellant. With him on the briefs were Martin, Bischoff, Templeton, Biggs & Ericksson, Portland.

James C. Farrell, Roseburg, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Plaintiff brought this action for conversion of his wrecked tractor and chip trailer by defendant, who had recovered and towed the vehicles to his place of business and retained their possession. Defendant counterclaimed to foreclose a possessory lien on the vehicles.

Plaintiff appeals from the judgment awarding defendant towing and storage charges for the vehicles, finding that defendant has a valid possessory lien in the amount of the charges awarded and ordering foreclosure of the lien. In his first two assignments of error, plaintiff contends that defendant had no possessory lien, because his charges were unreasonable and because plaintiff had tendered payment of reasonable charges. In his third assignment, plaintiff contends that the court, after finding defendant negligent in recovering the tractor and trailer, should have considered damage resulting from that negligence in determining the reasonableness of defendant's charges. Plaintiff's last assignment is that the court erred in failing to find defendant guilty of conversion. We affirm.

In the early morning of August 11, 1980, plaintiff's tractor and chip trailer ran off Highway 42, approximately 35 miles west of Roseburg. On impact the trailer twisted and broke. The Oregon State Police summoned defendant, owner and operator of a towing company in Roseburg, to tow the wreckage away. Defendant spent two days recovering the tractor and trailer and towing them to his place of business in Roseburg. During most of that time he had three tow trucks and several employes at the scene of the accident.

Three days after the accident, defendant submitted to plaintiff's insurer a bill for $4,104.21 for the recovery and towing, plus $20 a day for storage. The insurer's adjuster questioned the bill and employed an expert to determine whether defendant's charges were reasonable. On August 19, and again on August 29, 1980, plaintiff offered defendant $2,201.75 for the recovery and towing, plus $10 per day for storage. Defendant refused the offers, retained possession of the damaged tractor and trailer pursuant to a claim of lien for his services and demanded payment in full. Plaintiff brought this action. The trial court found that there had been no tender by plaintiff and no conversion by defendant. It also

found that defendant used more equipment and took more time than reasonably necessary in recovering the vehicles and that a reasonable charge for the recovery and towing was $2,250. It entered judgment for defendant for that sum, plus $3,600 in storage charges and costs. The trial court also ordered foreclosure by sheriff's sale of the tractor and trailer.

Plaintiff concludes his brief by suggesting that, because he succeeded in convincing the trial court that defendant's recovery and towing charges were overstated by almost $2,000, we should declare defendant's lien invalid, find that defendant converted plaintiff's property and award plaintiff $8,000 (the market value of the tractor and trailer at the time defendant allegedly converted it) and find, on *de novo* review, that defendant acted in bad faith. He requests that we remand the case for determination of punitive damages if we find bad faith.

We decline plaintiff's suggestions. He argues, concerning validity of the lien, that assertion of a lien for unreasonable charges renders the whole lien void. Plaintiff misunderstands the rule. According to *J. W. Copeland Yards v. Phillips,* 275 Or 193, 550 P2d 438 (1976), the rule stated by Mr. Justice McBride in *Bartels v. McCullough,* 102 Or 66, 72, 201 P 733 (1921), still obtains:

> "In *Mason v. Germaine,* [1 Mont. 263] the court discussing this subject under a similar statute remarked:
>
> " 'The fact that the complaint and notice of lien claimed as due plaintiffs a larger amount than that found by the court, will not destroy their lien for the amount actually due, unless there be a fraudulent intent in filing the same, which must be proved and will not be presumed.'
>
> "This statement appears to us to be fair and equitable, and we adopt it, with the reservation, however, that there may be cases where the negligence in preparing the notice is so gross and palpable or has so misled the defendant as itself to raise a presumption of intentional fraud, or has occasioned such action by a defendant in the premises as to preclude the plaintiff from any right to relief in equity."

*See also Brown v. Farrell,* 258 Or 348, 483 P2d 453 (1971). Plaintiff does not dispute that defendant actually provided the services and worked the hours on which the lien was based. He also does not dispute that defendant's rates were fair. His only

complaint is that defendant did not do the work competently and, therefore, took longer than he should have. This is plainly not a case of "fraudulent intent in filing the [lien]," or one in which defendant's negligence "in preparing the notice is so gross and palpable or has so misled the defendant as itself to raise a presumption of intentional fraud * * *." The trial court correctly found that the overcharges did not defeat defendant's lien.

With respect to plaintiff's claim that the trial court failed to consider damages caused by defendant's negligence, we note that plaintiff's action was for conversion, and he pled neither negligence nor damages and proved no damages. The trial court's memorandum opinion emphasized:

> "It is especially necessary to bear in mind that this plaintiff is *not* seeking damages for negligence on Spindler's part, and plaintiff is *not* seeking damages on grounds Spindler's recovery work was conducted in an unworkmanlike manner. If he were, the result would almost certainly be different." (Original emphasis.)

Plaintiff argues that *Laro Lumber Comany v. Patrick,* 52 Or App 1035, 630 P2d 400 (1981), establishes plaintiff's right to have damages from defendant's work set off against the lien despite plaintiff's failure to request damages or recoupment. However, the defendant in *Laro Lumber Company* had filed a counterclaim to a foreclosure action, requesting damages for the cost of repairing the plaintiff's work and bringing it into compliance with contract standards. *Laro Lumber Company* does not support the proposition that damages or recoupment need not be pled.

Plaintiff's argument that defendant converted its property is based on the assertion that defendant retained plaintiff's property pursuant to an invalid lien. Our conclusion that defendant did have a valid lien for the amount in which judgment was entered would ordinarily require us to reject this argument out of hand. However, plaintiff complicates the issue by assigning as error the trial court's failure to invalidate defendant's lien "when, as a matter of law, plaintiff had tendered payment of reasonable charges or was legally excused from the failure to do so." The significance of tendering a reasonable amount, argues plaintiff, is that a defendant's overstatement of its lien allows the plaintiff to recover for conversion if the plaintiff has tendered a reasonable sum or if

the tender would be useless. Plaintiff cites *Artman v. Ray,* 263 Or 529, 501 P2d 63, 502 P2d 1376 (1972), in support of the argument.

Although we disagree with the trial court's grounds for disposing of plaintiff's argument, we reach the same result. The trial court reasoned that plaintiff's actions did not amount to tender of payment because:

> "By definition, to be a tender that which is offered must be then physically present and capable of acceptance by the person to whom it is tendered and at the time and place it is tendered. To say this another way, an offer has been described as only differing from payment in that the offeree refuses its then present immediate acceptance. *Bembridge v. Miller,* 235 Or 396, at p. 402; *Denny v. Alder,* 258 Or 295 at pp. 299-300."

Plaintiff correctly points out that ORS 81.010 eliminates the need for physical production of money in the offeree's presence. The statute provides that "[a]n offer in writing to pay a particular sum of money * * * is, if not accepted, equivalent to the actual production and tender of the money * * *." We accept plaintiff's argument that by its letter of August 29, 1980, it validly tendered to defendant $2,201.75 plus $10 a day for storage. However, we agree with the trial court that plaintiff had not tendered the requisite amount. Defendant's storage charge of $20 a day was properly held reasonable by the trial court. Defendant had no obligation to relinquish possesion on plaintiff's offer of the lesser sum of $10 a day.

Plaintiff's request that we find defendant to have acted in bad faith is well answered by quoting from the trial court's memorandum opinion:

> "That the plaintiff's experts were more persuasive than the defendant's does not mean that the contest was not in good faith. * * * In such cases a lien claimant should not be deemed to have converted the property simply by reason of litigating reasonableness of charges. Notwithstanding defendant's minimal experience, the evidence does not persuade that he acted in bad faith, either in his attempts to make recovery of the vehicle or in refusing to negotiate as to his charges."

We agree.

Affirmed.