No. 84-259

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

SIMKINS-HALLIN LUMBER COMPANY,

        Plaintiff and Respondent,

    -vs-

MARTHA SIMONSON,

        Defendant and Appellant,

    and

ED BAREFIELD d/b/a BEAR CONSTRUCTION;
EMPIRE FEDERAL SAVINGS & LOAN ASSOC.
OF LIVINGSTON; and MANHATTAN STATE
BANK,        Defendants.

*************************************

MARTHA SIMONSON,

        Cross-Plaintiff and Appellant,

    -vs-

ED BAREFIELD,

        Cross-Defendant and Respondent.

_____

APPEAL FROM:  District Court of the Eighteenth Judicial District,
             In and for the County of Gallatin,
             The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        H. A. Bolinger, Bozeman, Montana

    For Respondent:

        Morrow, Sedivy & Bennett, Bozeman, Montana

_____

Submitted on Briefs: Sept. 27, 1984
Decided: December 11, 1984

Filed:  DEC 11 1984

_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Martha Simonson appeals from a judgment of the Eighteenth Judicial District Court, County of Gallatin, ordering foreclosure of a materialmans' lien against her and awarding Simkins-Hallin Lumber Company costs and attorney's fees. We affirm the judgment of the District Court.

The facts of this case are not at issue. The appellant, Martha Simonson, entered into an oral agreement with Ed Barefield, d/b/a Bear Construction, to build an addition to her house in Belgrade, Montana. At her deposition, Simonson asserted that the agreement contemplated a 528 square foot addition at the contract price of $28 per square foot, for a total price of $14,784. Barefield obtained certain materials used in the construction of the addition at Simkins-Hallin Lumber Co., the plaintiff and respondent in this case. These materials, valued at $888.36, were never paid for. Simonson paid Barefield a total of $16,300 for his services, the last payment having been made on September 3, 1982. At that time Barefield claimed Simonson still owed him $1,000 under the contract. However, no further payments were made.

On September 22, 1982, Simkins-Hallin filed a materialmans' lien with the county clerk and recorder as required by section 71-3-511, MCA. A certification of notice of lien to Simonson, as property owner, was attached to the filed lien, pursuant to section 71-3-513(2), MCA. The certification specified that a notice of the lien had been mailed to Simonson on September 23, 1982, one day later than the filing date of the lien and the certification.

Attempts to settle the matter failed, and on March 30, 1983, Simkins-Hallin filed a complaint seeking enforcement of

the lien as well as costs and attorney fees. Cross motions for summary judgment were filed, and on November 10, 1983, the court issued its findings and conclusions wherein Simkin-Hallin's motion was granted. The court concluded that a valid mechanics' lien had been established although, contrary to section 71-3-513(2), MCA, the notice to Simonson was mailed one day after the lien was filed. The court also awarded Simkins-Hallin costs and attorney fees, which were later set at $872.45. Final judgment against Simonson ordering foreclosure of the lien and payment of costs and attorney fees to Simkins-Hallin was entered on March 28, 1984. Simonson appeals from that judgment.

The appellant's principal issue on appeal is whether, as a matter of law, it was error for the trial court to uphold the lien filed by respondent despite a discrepancy in the attached certificate of notice, which reads as follows:

> "The undersigned hereby certifies that he mailed and [sic] true and correct copy of the Notice of Claim of Lien upon the claimant therein named at the address of:
>
> Martha Simonson
> 107 Madison
> Belgrade, Montana 59714
>
> by mailing the same in an envelope with postage prepaid on the 23rd day of September, 1982."

The lien and certificate were filed on September 22, 1982. It is therefore manifest that despite the use of the past tense in the language employed on the certificate, the notice of lien was not mailed until one day after the lien itself was filed by the clerk.

Appellant argues that under section 71-3-513(2), MCA, the lien should not have been filed by the clerk because the mailing date specified on the certificate of notice was one

3

day later than the filing date of the lien. In pertinent part, section 71-3-513(2), MCA provides as follows:

> "The clerk shall not file the lien unless there is attached thereto a certification by the lien claimant or his agent that a copy of the lien has been served upon each owner of record of the property named in the lien."

Section 71-3-513(2) was added to the mechanics' lien statutes by legislative amendment in 1981, and has not been interpreted by this Court. However, we agree with appellant that the rule in Montana regarding the interpretation of the lien statutes has been that:

> "[T]he requirements of the mechanics' lien statutes as to procedure will be strictly enforced. Once the procedure has been fulfilled, the statutes will be liberally construed so as to give effect to their remedial character." General Electric Supply Co. v. Bennett (Mont. 1981), 626 P.2d 844, 846, 38 St.Rep. 553, 555-556.

In this case it is uncontested that, except for the fact that the notice to the appellant was mailed one day late, the respondent lumber company diligently followed the procedural requirements necessary to perfect a mechanics' lien under Montana statute. The question to be addressed is whether a minor technical violation of section 71-3-513(2), MCA, must void an otherwise meritorious and valid lien.

In this regard, it is instructive to review holdings from other jurisdictions faced with similar problems in interpreting their notice of lien statutes.

In Las Vegas Plywood v. D & D Enterprises (Nev. 1982), 649 P.2d 1367, the Nevada Supreme Court refused to void a mechanics' lien when the lienor failed to post a notice of the lien as required by statute. Although Nevada had previously recognized a "strict compliance" rule regarding its mechanics' lien statutes, Fisher Brothers, Inc. v. Harrah

4

Realty Co., (Nev. 1976), 545 P.2d 203, the court found that substantial compliance with the requirements of the notice of lien statute would suffice where the property owner received actual notice and was not prejudiced by the failure to strictly comply with the statute. Las Vegas Plywood, 649 P.2d at 1368.

And in Peterman-Donnelly Engineers and Contractors Corp. v. First National Bank (Ariz.App. 1965), 408 P.2d 841, a lienor failed to attach a copy of a written contract between itself and the property owner to its notice of lien, contrary to Arizona statute. However, the principal terms of the contract were recited in the notice. Additionally, the lienor served a copy of the lien on the agent of the owner, rather than on the owner himself as the notice statute required. The court ruled that "substantial compliance not inconsistent with the legislative purpose" was sufficient where the material terms of the contract were recited in the notice, and actual notice was received without any prejudice to the interest of the owner. Peterman-Donnelly, 408 P.2d at 843-44. We note that prior to Peterman-Donnelly, Arizona, too, had required strict accordance with the mechanics' lien statute in order to perfect a lien. Irwin v. Murphey (Ariz. 1956), 302 P.2d 534, 538.

In Oregon, a notice of lien was found to be sufficient, and the lien upheld, where the notice was not sent by registered or certified mail as required by statute. Laro Lumber Company, Inc. v. Patrick (Or.App. 1981), 630 P.2d 400. The Oregon court stated that:

> "The obvious purpose of the requirement
> that notice of an intent to foreclose a
> lien must be given to the property owner
> is to give the owner an opportunity,
> prior to the commencement of the suit, to
> pay the lien and to prevent liability for

5

> costs and disbursements including attorney's fees.
>
> " . . .
>
> "Here the purpose was served. Defendant had actual notice that a lien had been filed and had an opportunity to challenge it or pay the lien and prevent liability for costs and attorney fees recoverable under O.R.S. 87.060." Laro Lumber Co., 630 P.2d at 403.

The court concluded that there had been substantial compliance with the statutory notice requirements, Laro, 630 P.2d at 403, although Oregon had formerly observed the rule that the mechanics' lien statutes must be strictly followed regarding their procedural requirements. Anderson v. Chambliss (Or. 1953), 262 P.2d 298, 300.

In addition we note that New Mexico, Garrett Building Centers, Inc. v. Hale (N.M. 1981), 623 P.2d 570, 573-74, and Illinois, Lundy v. Boyle Industries, Inc. (Ill.App. 1977), 361 N.E.2d 321, 323, have also upheld mechanics' liens despite minor technical violations of the procedural requirements of the lien statutes. See also Layrite Products Company v. Lux (Idaho 1964), 388 P.2d 105, 108-109; Jack Endo Electric, Inc. v. Lear Siegler, Inc. (Hawaii 1978), 585 P.2d 1265.

The common thread running through all of these decisions is that an otherwise valid mechanics' lien should not be defeated where the lienor has substantially complied with statutory procedural requirements, where notice was actually given, and where no prejudice to the property owner has arisen due to the lienor's technical error.

In the case now before us, the appellant admits that she received actual notice in due course. The record indicates that appellant had six months between the date of actual notice and the date when the complaint was filed on

6

the lien to settle or pay the lien and thereby avoid payment of costs and attorney fees. And it is clear that the late filing of the notice did not cause the appellant to pay the same bill twice, because she had already made her last payment to the contractor on September 3, 1982, nineteen days before the lien was filed. Because the appellant received actual notice and was not prejudiced in any manner by the respondent's technical error, and because the respondent lumber company substantially complied with the procedural requirements of section 71-3-513(2), MCA, we conclude that the trial court correctly sustained the respondent's lien.

The appellant also maintains that she should not be required to pay attorney fees to respondent as ordered by the District Court. This argument is apparently based on the fact that appellant attempted in good faith to settle the claim of lien prior to the court's ruling on the motion for summary judgment.

Section 71-3-124, MCA provides as follows:

> "In an action to foreclose any of the liens provided for by parts 3, 4, 5, 6, 8, or 10 of this chapter, the court must allow as costs the money paid for filing and recording the lien and a reasonable attorney's fee in the district and supreme courts, and such costs and attorneys' fees must be allowed to each claimant whose lien is established, and such reasonable attorneys' fees must be allowed to the defendant against whose property a lien is claimed, if such lien be not established."

Here, the claimant has established a lien, and by statute the District Court was required to allow reasonable attorney fees. Upon review, we are limited to determining whether the trial court's award of attorney fees constituted a clear abuse of discretion. Luebben v. Metlen (1940), 110 Mont. 350, 355, 100 P.2d 935, 937. In its order fixing attorney fees at $800, the District Court substantially reduced

7

plaintiff-respondent's claimed attorney fees of $2,648.75. Under the circumstances, we find no abuse of discretion regarding the amount of attorney fees awarded.

Upon appeal, however, respondent has requested further attorney fees of $1,285 citing section 71-3-124, MCA, quoted above. We are reluctant to grant additional attorney fees in a case where the amount in controversy totalled only $888, and where the trial judge, having considered the evidence, has already reduced the respondent's claimed fees by over $1,800. However, the language of section 71-3-124, MCA is mandatory, and for that reason this matter is remanded to the District Court for further proceedings to establish respondent's reasonable attorney fees incurred in defending this appeal.

The judgment of the District Court is affirmed, and the matter is remanded for further proceedings regarding respondent's claimed fees.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8