No. 96-555

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

JIM AULT,

Plaintiff and Appellant,

v.

STEPHEN WHITNEY, III and
MARY E. SCHALLER,

Defendants and Respondents.

FILED

MAR 04 1997

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Fourth Judicial District,
                In and for the County of Missoula,
                The Honorable Ed McLean, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Mark E. Jones, Attorney at Law, Missoula,
            Montana

        For Respondents:

            Mark S. Williams; Williams & Ranney, Missoula
            Montana


                        Submitted on Briefs: January 2, 1997

                                Decided:  March 4, 1997

Filed:

_____
        Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Jim Ault (Ault) appeals from the Fourth Judicial District Court's decision awarding attorney fees and costs, and awarding punitive damages to respondents, Stephen Whitney and Mary Schaller-Whitney (the Whitneys). The Whitneys counter-claim, and request attorney fees for the cost of this appeal. We affirm and remand to the District Court.

The issues raised on appeal are restated as follows:

I.   Was Ault's Notice of Appeal timely?

II.  Did the District Court err in awarding attorney fees to the Whitneys following dismissal of Ault's suit to foreclose the construction lien?

III. Should the Whitneys be awarded attorney fees for the cost of their appeal?

## BACKGROUND

Ault entered into a construction contract with the Whitneys to construct a small upholstery garage. Ault's original bid for the project was for just over $19,000. After Ault had worked on the project for just over one month, the Whitneys paid Ault $11,908. Ault eventually submitted a final bill for an additional $24,406,

2

bringing the total to $36,314. The Whitneys refused to pay this final bill contending that the project had not been completed. In response, Ault filed a construction lien against the Whitneys' property for the $24,946.13 balance.

In December of 1994, Ault filed a complaint to foreclose on the construction lien to which the Whitneys filed an answer and counterclaim seeking both compensatory and punitive damages. Following Ault's failure to comply with two court-ordered discovery requests, the Whitneys moved for Rule 37, M.R.Civ.P., sanctions. The District Court granted the Whitneys' motion and dismissed Ault's complaint without prejudice and awarded the Whitneys reasonable attorney fees. The District Court further ordered that Ault would not be permitted to refile his cause of action without obtaining leave of court.

In November of 1995, the District Court granted Ault leave to re-file his complaint under a breach of contract theory. A jury trial was held in April of 1996, and Ault was awarded $25,016 in damages for breach of contract. The Whitneys were awarded $2,892 based upon their counter-claim for breach of contract. The court then allowed the issue of punitive damages to go to the jury which then awarded the Whitneys $5,000 in punitive damages. Despite the fact that the court had not yet entered a judgment, Ault filed three separate Rule 60(b) motions for relief from judgment including: (1) Rule 60(b) Motion For Relief From Judgment, in which Ault requested relief from the punitive damages award of $5,000, the award of costs incurred, and the order granting

3

attorney fees; (2) Motion for Attorney Fees, Costs and Prejudgment Interest; and (3) Motion to Reinstate Construction Lien. The first two motions were filed on April 15, 1996, while the third motion was filed April 17, 1996. The District Court failed to rule on any of these motions within the time frame provided in Rules 59(d) and 60(c), M.R.Civ.P., thus the first two motions were deemed denied as of June 14, 1996, while the third motion was deemed denied as of June 16, 1996, 60 days after they were filed. On July 9, 1996, the court entered an Opinion and Order recognizing that the post-trial motions had been deemed denied and awarded the Whitneys $10,000 in attorney fees related to the lien foreclosure action. On July 16, 1996, the court entered a judgment for Ault in the net amount of $7,124 ($25,015 less the Whitneys' contract damages of $2,892, less the Whitneys' attorney fees of $10,000 and less punitive damages of $5,000). Ault appeals from the District Court's July 9, 1996, denial of his Rule 60(b) post-trial motions.

## DISCUSSION

I.   Was Ault's Notice of Appeal timely?

In determining the timeliness of Ault's Notice of Appeal, it is important to note that Ault is appealing issues from two separate actions. The first action ended with the District Court's imposition of Rule 37, M.R.Civ.P., sanctions for failure to comply with discovery requests. The District Court's dismissal of that complaint constituted an end to Ault's lien foreclosure suit against the Whitneys. The second action started when the court

4

allowed Ault to refile and proceed on a breach of contract theory. Because Ault is appealing issues from two separate actions, we will apply notice of appeal deadlines that correspond to each action. Ault appeals five separate issues. Three of these issues concern the District Court's decision allowing the jury to award punitive damages to the Whitneys in the breach of contract claim. The other two deal with the District Court's award of attorney fees in the initial construction lien action. We address the issues relating to the jury's award of punitive damages first.

A. Did Ault file a timely notice of appeal with regard to the award of punitive damages?

Ault appeals from the court's July 9, 1996, denial of his motion for relief from the punitive damage award. The Whitneys contend that Ault's appeal in this matter is untimely. The Whitneys contend that because the District Court failed to rule on any of Ault's three motions, those motions were deemed denied 60 days after the motions were filed. The Whitneys further contend that once these motions were deemed denied, Ault had 30 days in which to file his Notice of Appeal.

The jury verdict for punitive damages was entered on April 11, 1996. Ault filed three Rule 60(b) post-trial motions. Ault filed a Rule 60(b) Motion for Relief From Judgment on April 15, 1996, wherein he requested relief from the punitive damages award of $5,000 entered on April 11, 1996; the award of costs incurred on October 23, 1995; and the order granting attorney fees entered on October 23, 1995. On April 15, 1996, Ault also filed a Motion For

5

Attorney Fees, Costs and Prejudgment Interest. Finally, Ault filed a Motion to Reinstate Construction Lien on April 17, 1996. When the District Court failed to rule on any of these motions within 60 days, they were deemed denied. Rules 60(c) and 59(d), M.R.Civ.P.

We note that Ault appeals from the July 9, 1996, order denying his post-trial motions and awarding attorney fees to the Whitneys; he does not appeal from the July 16, 1996, Judgment which awards a net figure to Ault. Furthermore, although Ault appeals from the court's July 9, 1996, order deeming his post-trial motions denied, the fact that the court formally denied the motions after the date on which they were deemed denied does not extend the time for filing a notice of appeal. Once the motion is deemed denied under the self-executing provisions of Rule 59, "any subsequent order by the district court concerning that motion is outside the district court's jurisdiction and, consequently, null, void, and without effect." Leitheiser v. Montana State Prison (1973), 161 Mont. 343, 348, 505 P.2d 1203, 1206. Accordingly, our analysis must focus on both June 14, 1996, and June 16, 1996, the dates the motions were deemed denied.

As this Court explained in Haugen v. Blain Bank of Montana (Mont. 1996), 926 P.2d 1364, 53 St.Rep. 1024, "[u]nder Rule 5(a)(4), M.R.App.P., a Notice of Entry of Judgment is not required to begin the running of the time for filing a Notice of Appeal when a motion has been made under Rules 50(b), 52(b), or 59, M.R.Civ.P." Haugen, 926 P.2d at 1369. Rule 5(a)(4), M.R.App.P., further explains,

6

> the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion, or if applicable, from the time such motion is deemed denied at the expiration of the [60-day] period established by Rule 59(d), Montana Rules of Civil Procedure. . . .

Although Rule 5(a)(4), M.R.App.P., does not specifically reference Rule 60 motions, Rule 60(c), M.R.Civ.P., explains, "[m]otions provided by subdivision (b) of this rule shall be determined within the times provided by Rule 59 . . . ." Rule 59(d), M.R.Civ.P., provides, "[i]f the court shall fail to rule on a motion for new trial within 60 days from the time the motion is filed, the motion shall, at the expiration of said period, be deemed denied. . . ." Applying this rule, Ault's April 15, 1996, Rule 60(b) Motion for Relief From Punitive Damages was deemed denied on June 14, 1996.

After Ault's motions were deemed denied as of June 14, 1996, and June 16, 1996, the 30-day appeal clock began running. See Mortensen v. Burlington No., Inc. (1985), 218 Mont. 415, 417, 708 P.2d 1006, 1007. Thus, the 30-day time period within which to file an appeal expired as of July 15, 1996, and July 17, 1996.

In the instant case, Ault filed his Notice of Appeal on August 5, 1996. Applying the 30-day deadline imposed by Rule 5(a)(4), M.R.App.P., this filing was 21 and 19 days late. As this Court explained in Montana Power Co. v. Fondren (1987), 226 Mont. 500, 737 P.2d 1138 "[t]he filing of a notice of appeal is jurisdictional, and the failure to timely file is a fatal defect altered only on the most extenuating circumstances." Fondren, 737 P.2d at 1141 (citing Leitheiser, 505 P.2d at 1205). Therefore, Ault's Notice of Appeal from the denial of his post-trial motions,

7

including his request for relief from the award of punitive damages, was not timely and the propriety of that award will not be addressed by this Court.

        B.    Was Ault's appeal from the award of attorney fees timely?

Because the District Court's October 23, 1995, decision imposing Rule 37 sanctions and awarding attorney fees to the Whitneys was entirely separate from Ault's breach of contract action, the appeal deadlines for that award are different. When a district court awards attorney fees, the judgment does not become final until the court determines the amount of the fees. Ring v. Hoselton (1982), 197 Mont. 414, 422, 643 P.2d 1165, 1170. In the instant case, the District Court did not fix the amount of attorney fees until its July 9, 1996, order. From the date of this order, Ault had 30 days to file his Notice of Appeal. Ault filed his Notice of Appeal on August 5, 1996, well within this 30-day time limit. Therefore, this Court must address whether the District Court was correct in awarding the Whitneys attorney fees in Ault's construction lien action.

II.    Did the District Court err in awarding attorney fees to the Whitneys following dismissal of Ault's suit to foreclose the construction lien?

Section 71-3-124, MCA, requires an award of attorney fees to a party prevailing in a lien foreclosure action. Section 71-3-124, MCA, states:

8

In an action to foreclose any of the liens provided for by parts 3, 4, 5, 6, 8, or 10 of this chapter, the court must allow as costs the money paid for filing and recording the lien and a reasonable attorney's fee in the district and supreme courts, and such costs and attorneys' fees must be allowed to each claimant whose lien is established, and such reasonable attorneys' fees must be allowed to the defendant against whose property a lien is claimed, if such lien be not established.

Ault filed his original action to foreclose on the construction lien against the Whitneys' property. When Ault failed to comply with two court-ordered discovery requests, the Whitneys moved for dismissal of Ault's construction lien claim pursuant to Rule 37, M.R.Civ.P. For some inexplicable reason, the court requested briefs on the issue of attorney fees but then issued an order before the briefs were filed. The District Court ruled in the Whitneys' favor and awarded attorney fees pursuant to § 71-3-124, MCA.

This Court has held that the district court must award attorney fees to a defendant property owner when a lien is not established. M & R Construction Co. v. Shea (1979), 180 Mont. 77, 81, 589 P.2d 138, 140. In Simkins-Hallin Lumber Co. v. Simonson (1984), 214 Mont. 36, 42, 692 P.2d 424, 427, this Court explained that, "the language of section 71-3-124, MCA is mandatory. . . ." In the instant case, it is undisputed that Ault's original action against the Whitneys was a lien foreclosure action which was dismissed by the court. Despite the court's awarding attorney fees prior to the filing of briefs on that issue, once the action was dismissed, the Whitneys were, as a matter of law, the prevailing party and entitled to fees. In light of the mandatory nature of

9

this statute, we affirm the District Court's decision awarding attorney fees.

III. Should the Whitneys be awarded attorney fees for the cost of their appeal?

Section 71-3-124, MCA, requires the following:

In an action to foreclose any of the liens provided for by parts 3, 4, 5, 6, 8, or 10 of this chapter, the court must allow as costs the money paid for filing and recording the lien and a reasonable attorney's fee in the district and supreme courts, and such costs and attorneys' fees must be allowed to each claimant whose lien is established, and such reasonable attorneys' fees must be allowed to the defendant against whose property a lien is claimed, if such lien be not established.

(Emphasis added.) Under the above statute, attorney fees are recoverable for both the trial and the appeal of lien foreclosure actions. Simkins-Hallin, 692 P.2d at 427. One of the issues raised by Ault in this appeal is whether the District Court erred in awarding statutory attorney fees to the Whitneys in the initial litigation. Since the Whitneys were successful in defending against this claim of error, they are entitled to recover their attorney fees on appeal. Section 71-3-124, MCA. We remand this matter to the District Court for an award of attorney fees commensurate with the fees incurred by the Whitneys in defending the District Court's October 23, 1995, and July 9, 1996, orders awarding statutory fees.

_W. William Beyghust_
Justice

10

We concur:

_____
Chief Justice

_____

_____

_____
Justices

11

March 4, 1997

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Mark E. Jones
Attorney at Law
P.O. Box 8293
Missoula, MT  59807-8293

Mark S. Williams
Williams and Ranney, P.C.
P.O. Box 9440
Missoula, MT  59807-9440

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy