Submitted on record and briefs January 24, 1983, reversed and remanded on both appeals April 11, 1984

## ROBY'S ENTERPRISES, INC.,
*Respondent,*

*v.*

## HANOVER DEVELOPMENT CORPORATION et al,
*Appellants.*

### (79-1767-E; CA A24303)

679 P2d 871

Walter L. Cauble, and Schultz, Salisbury & Cauble, Grants Pass, filed the brief for appellant Hanover Development Corporation.

Thomas J. Murphy, and Cass, Scott, Woods & Smith, Eugene, filed the brief for appellant The Douglas Company.

Joel B. Reeder, Medford, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff brought this action to foreclose a construction lien against defendants The Douglas Company (Douglas), the general contractor, and Hanover Development Corporation (Hanover Development), alleged to be the owner of the real property on which a new K-Mart store was constructed. Hanover Development appeals a judgment for plaintiff entered by default, contending that the trial court abused its discretion in denying its motions to set aside the judgment. Douglas appeals from an adverse judgment entered after plaintiff's motion for summary judgment was granted, contending that its affidavits in opposition to the motion raised genuine issues of material fact and that plaintiff should not have been awarded attorney fees, because it did not comply with ORS 87.039(2) and 87.057(3).

Hanover Development is a foreign corporation with offices in Toledo, Ohio. Hanover Grant, Inc., is a wholly owned subsidiary of Hanover Development and was the owner of record of the subject property at all relevant times.[1] Douglas contracted with Hanover Grant to construct the K-Mart store and was obligated under the contract to keep the property free of liens and to defend and hold harmless Hanover Grant in any action brought by a subcontractor on the project. Olson was Douglas' construction superintendent for the project.

In August, 1979, during the construction of the project, a problem of cracked and uneven floors arose. According to plaintiff's complaint and affidavit, Olson contracted with plaintiff to correct the problem, agreeing to pay plaintiff the "reasonable value" of the work performed. Plaintiff performed the work, was not paid and filed a lien in November. Notice of the lien and certified letters advising that the lien would be foreclosed after ten days were sent to Douglas and to Hanover Development.

On December 28, plaintiff commenced this proceeding to foreclose the lien, seeking $5,800 as the reasonable value of the work performed, together with costs and attorney fees pursuant to ORS 87.060(4). Service was made on defendant

---

[1] The fact that Hanover Development was not the owner of the real property in question, having conveyed it to Hanover Grant in May, 1978, was not presented to the court until proceedings on plaintiff's motion for summary judgment were had.

Douglas' registered agent and on defendant Hanover Development at its home office in Illinois. Neither defendant appeared, and on March 21, 1980, an order of default was entered against both of them, followed immediately by a judgment in the amount claimed; the judgment directed foreclosure of plaintiff's lien against the real property. On learning of the judgment in April, 1980, defendants promptly filed a joint motion to set it aside pursuant to former ORS 18.160.[2] At that time, each of them tendered an answer, and Douglas posted a bond pursuant to ORS 87.076 to insure payment in the "event of any decree in favor of [plaintiff]" for the purpose of relieving the property from the lien. That motion was denied. Both defendants moved for reconsideration, and on December 24, the judgment against Douglas was set aside, but the judgment against Hanover Development was not. Douglas' answer denied the material allegations of plaintiff's complaint. Plaintiff moved for summary judgment, which was granted, and judgment was entered against Douglas and its bondsman.

From the record made on the motion to set aside the default and to reconsider its denial, it appears that Douglas was served January 7 with summons and complaint by service on its registered agent in Oregon. Pursuant to the company's standard instructions, the agent sent the summons and complaint to Douglas' attorney in Ohio, who mailed them to the corporate office manager, whose duty it was to forward them to local counsel selected by her. The system had worked without incident in the past. The office manager had no record of having received the summons and complaint in this proceeding. Douglas acknowledged its contractual obligation to indemnify and hold harmless Hanover Grant and stated that it would have defended the claim if it had had knowledge of the lawsuit.

Meanwhile, Hanover Development was served at its home office in Illinois on January 14, and its assistant secretary immediately wrote to the president of Douglas reminding Douglas of its contractual obligation to "us" and

---

[2] *Repealed by* Or Laws 1981, ch 898, § 53. ORCP 71 now governs relief from judgments.

requesting that Douglas take prompt action to protect Hanover Development, which had no contractual relationship with plaintiff. It relied on Douglas to appear.

■       As stated above, the trial court set aside the default judgment against Douglas, presumably on the authority of *Wagar v. Prudential Ins. Co.*, 276 Or 827, 556 P2d 658 (1976). The propriety of that order is not in dispute, but Hanover Development contends that it, too, comes within the rationale of *Wagar*. Whether it does or not, we conclude that the trial court, having set aside the default as to Douglas, should have set aside the default as to Hanover Development as well at the time it granted plaintiff's motion for summary judgment against Douglas.

■       When the trial court set aside the default judgment against Douglas, the original judgment became one against Hanover Development only and, therefore, adjudicated fewer than all causes of action and liabilities of fewer than all of the parties. At that time, former ORS 18.125(1) (replaced by ORCP 67B), provided:

> "When more than one demand for relief is presented in a suit or action, whether as multiple causes of suit or action, counterclaims, cross-claims, or third-party actions or suits, or when multiple parties are involved, the court may direct the entry of a final judgment or decree as to one or more but fewer than all of the causes of suit or action or parties *only upon an express determination* that there is no just reason for delay *and upon an express direction* for the entry of judgment or decree. *In the absence of such determination and direction,* any order or other form of decision, however designated, which adjudicates fewer than all the causes of suit or action or the rights and liabilities of fewer than all the parties shall not terminate the proceeding as to any of the causes of suit or action or parties, *and the order or other form of decision is subject to revision at any time before the entry of judgment or decree adjudicating all the causes of suit or action and the rights and liabilities of all the parties.*" (Emphasis supplied.)

Because there was no express determination by the court that there was no just reason for delay, and no express direction for the entry of judgment, the judgment against Hanover Development did not terminate the proceeding as to any of the causes of action or parties and was subject to revision at any time before the entry of the final judgment against Douglas.

By the time the judgment against Douglas was entered, if the facts set forth in the various affidavits are true, it was apparent that Hanover Development had not contracted with plaintiff, was not the owner of the real property against which plaintiff claimed a lien and was not a proper party to the action and that a bond had been posted pursuant to ORS 87.060 releasing the real property from the claimed lien. Accordingly, the previous non-final judgment against Hanover Development should have been vacated, leaving plaintiff with a judgment only against Douglas and its surety.

In its appeal from the granting of plaintiff's motion for summary judgment, Douglas contends that its pleading and affidavits raise material fact questions as to the terms of the contract between it and plaintiff and whether the amount plaintiff claimed for its work was reasonable, assuming that the contract was as plaintiff claimed. We agree.

In opposition to the motion, Douglas filed affidavits of Diane Radecke, its corporate secretary, and Milton Lay, an employe who specializes in the correction of problems with concrete floors. Radecke states that Olson was not authorized by Douglas to contract with anyone, including plaintiff, to correct the floor problem and that Lay was the only person with that authority. Lay states that he was sent by Douglas to the Grants Pass K-Mart project in August, 1979, in order to remedy the floor problem; that he authorized plaintiff to apply its treatment process to a small area of the floor as a "test patch" only; that the process was unsatisfactory and was subsequently ground down; that plaintiff did not apply its process anywhere else in the project; that he is certain plaintiff was informed that he (Lay) alone was authorized to contract for the corrective work; and that the amount plaintiff claimed is unreasonable.

Summary judgment is proper only if there are no genuine issues of material fact, ORCP 47C; the record is viewed in the light most favorable to the party opposing summary judgment. *Stanfield v. Laccoarce,* 288 Or 659, 665, 607 P2d 177 (1980). Although there is no dispute that Olson was Douglas' agent on the project, a principal cannot be held liable for the acts of its agent unless the acts are within the scope of the agent's real or apparent authority. *Beeson et al. v. Hegstad et al.,* 199 Or 325, 330, 261 P2d 381 (1953). The

affidavits submitted by Douglas raise an issue of fact as to whether Olson had either type of authority with respect to contracting for correcting the floor problem and whether plaintiff knew or should have known that Olson lacked that authority. Moreover, Lay's assertion that the amount plaintiff claimed was unreasonable, in view of the size of the area affected and the purpose for which it was applied, clearly raises a fact question. Summary judgment was improper.

■ Douglas' final contention is that plaintiff may not recover attorney fees pursuant to ORS 87.060(5), because it mistakenly notified Hanover Development, rather than Hanover Grant and its mortgagee, of the lien and its intention to foreclose it, as required by ORS 87.039(2) and 87.057(3). Given the posture of the case, as we view it, that issue will be moot on remand if Hanover Development is not a proper party. In any event, plaintiff concedes that it is precluded from recovering costs, disbursements and attorney fees under ORS 87.057, unless we interpret that statute to mean that plaintiff may recover them against Douglas only without affecting the owner's or mortgagee's interest to the extent of those items of recovery. We have held that that statute is clear and unambiguous on its face and means exactly what it says. *Molalla Pump v. Chaney,* 42 Or App 789, 601 P2d 874 (1979). We decline to attempt to rewrite it, as plaintiff suggests.

Reversed and remanded on both appeals.