ASHER,
*Appellant,*

*v.*

HALD,
*Respondent.*

(87-1834-J-2; CA A48989)

788 P2d 468

Thomas J. Reeder, Medford, argued the cause and filed the briefs for appellant.

Larry B. Workman, Medford, argued the cause for

respondent. With him on the brief was Frohnmayer, Death-erage, Pratt, Jamieson & Turner, P.C., Medford.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

### RIGGS, J.

In this medical malpractice case, plaintiff appeals from a summary judgment entered in favor of defendant doctor. The trial court concluded that the action was time-barred under ORS 12.110(4) as a matter of law. Plaintiff argues that the trial court erred because there is a genuine issue of material fact. ORCP 47C. We reverse.

Plaintiff testified in a deposition that defendant surgically removed a lymph node from his neck on October 22, 1981. During the incision, plaintiff felt a sharp pain that went to his shoulder. Plaintiff returned to the doctor two or three times in the next two weeks, complaining of right shoulder pain and the inability to extend his arm fully. On December 8, 1981, defendant took x-rays, told plaintiff that he was suffering from tendonitis and prescribed a "steroid-type" medication that gave some relief.

Plaintiff testified that he saw defendant again on February 25, 1982. He was unhappy because a knot had appeared at the surgical site. Defendant surgically removed the knot at no charge. A biopsy revealed that plaintiff's accessory nerve had been severed in the first surgery. Defendant purposefully concealed the biopsy finding from plaintiff; he said the post-surgical pain was caused by scar tissue and tendonitis. He told plaintiff it was a problem he would always have. Plaintiff saw defendant for the last time on March 8, 1982, to have sutures from the second surgery removed.

Plaintiff testified that his shoulder improved somewhat after he left defendant's care, but that he continued to have problems with it over the years. In May, 1987, a different doctor revealed the 1982 biopsy report's finding to plaintiff for the first time. Plaintiff promptly commenced this action on July 6, 1987, alleging that defendant had negligently performed the 1981 surgery.

The governing statute of limitations is ORS 12.110(4).[1] Because this action was brought more than five

---

[1] ORS 12.110(4) provides:

"An action to recover damages for injuries to the person arising from any medical, surgical or dental treatment, omission or operation shall be commenced within two years from the date when the injury is first discovered or in the exercise of reasonable care should have been discovered. However, notwithstanding the

years after the 1981 surgery, it must be shown that the failure to commence the action was caused by fraud, deceit or misleading representation and that the action was commenced within two years after the fraud, deceit or misleading representation was discovered or in the exercise of reasonable care should have been discovered. *See Duncan v. Augter,* 286 Or 723, 727, 596 P2d 555 (1979).

The trial court found:

"The Plaintiff was aware in 1981 and early 1982 that the treatments received from the Defendant doctor were unsatisfactory to him. The fact that the Plaintiff was not aware of the extent of the injury or negligence of the Defendant does not prevent the statute from running.

"* * * [M]isrepresentations do not delay the running of the statute if the Plaintiff knew or should have known [of] the cause of action despite the misrepresentations. It is clear from the deposition of Plaintiff [that] he was aware that something was wrong despite any representations the doctor may have made as to 'tendonitis.' "

In defendant's view, the sole question raised by this appeal is "whether a defendant's misrepresentation can delay the running of the statute of limitations when the plaintiff knows or should know he has a cause of action despite the representation." Presentation of the issue in this way begs the question of *whether* plaintiff actually discovered or reasonably should have discovered the existence of a claim against defendant in this case *before* defendant's misrepresentation.[2] That is an issue of fact. *Peterson v. Mult. Co. Sch. Dist. No. 1,* 64 Or App 81, 85, 668 P2d 385, *rev den* 295 Or 773 (1983).

In a medical malpractice action, the statute of limitations begins to run from the time a plaintiff discovers, or ought

---

provisions of ORS 12.160, every such action shall be commenced within five years from the date of the treatment, omission or operation upon which the action is based or, if there has been no action commenced within five years because of fraud, deceit or misleading representation, then within two years from the date such fraud, deceit or misleading representation is discovered or in the exercise of reasonable care should have been discovered."

[2] Defendant's formulation of the question also assumes that reasonable discovery of the injury, rather than of the misrepresentation, is the relevant consideration in an action that is brought more than five years after the event because of a misrepresentation. Given the posture in which our disposition leaves the case, we do not comment on whether or to what extent we share that assumption.

to have discovered, a claim. *Frohs v. Greene,* 253 Or 1, 452 P2d 564 (1969). A claim accrues "when [the plaintiff] realizes (1) that he has been injured, (2) that the injury can be attributed to an act of the alleged tortfeasor, and (3) that the act of the alleged tortfeasor was somehow negligent." *Hoffman v. Rockey,* 55 Or App 658, 663, 639 P2d 1284, *rev den* 292 Or 722 (1982).

■   There is no dispute that plaintiff was aware no later than March, 1982, that the doctor's treatment was "unsatisfactory," but dissatisfaction with the results of a surgical procedure does not, by itself, necessarily amount to knowledge of a claim for medical malpractice. Unsatisfactory surgical results are not always "an injury" as contemplated by *Hoffman v. Rockey, supra,* nor are they always caused by negligent conduct.

■   The malpractice alleged in this case is the negligent severance of the accessory nerve. Viewing the record in the light most favorable to plaintiff, *Roby's Enterprises v. Hanover Development Corp.,* 67 Or App 594, 599, 679 P2d 871 (1984), a factfinder might reasonably conclude from plaintiff's deposition testimony that he first discovered the claim in 1987 when a doctor told him about the 1982 biopsy finding. On the other hand, a factfinder might also conclude that a reasonable person should have discovered the existence of this injury before 1987.

One can read the trial court's opinion to say that plaintiff had no right to rely on defendant's alleged misrepresentation because plaintiff was aware that "something was wrong" immediately after the first surgery. We think a question of fact exists as to whether a reasonable person could rely on defendant doctor's explanation of the post-surgical problems plaintiff experienced. *See Duncan v. Augter, supra,* 286 Or at 731-32.

Reversed and remanded.