958 F.2d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shelley J. REILLY, Plaintiff-Appellant,
v.
THE NORTHWEST MEDICAL PHYSICS CENTER, St. Charles Medical
Center, Inc., Defendants-Appellees.
 No. 90-35576.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1991.
Decided March 18, 1992.
 
 Before TANG, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Oregon's medical malpractice statute of ultimate repose requires that complaints be filed within five years of the treatment giving rise to the legal claim. However, if fraud causes the complaint to be filed outside of the limitations period, then the statute is tolled for a two year period. The district court, contrary to the recommendation of the magistrate, granted the motion to dismiss of St. Charles Medical Center and Northwest Medical Physics Center (collectively "Northwest") for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6), because Shelley Reilly's complaint was filed outside the limitations period. We affirm.
 
 I.
 
 3
 Reilly alleges that she is entitled to file her complaint outside of the limitations period because Northwest fraudulently caused delay in her discovery of the alleged medical malpractice committed against her. Reilly argues that when fraud causes the delay in discovery, the statute is automatically tolled, and she has two years from the date of discovery of the alleged malpractice to file her complaint.
 
 Ore.Rev.Stat. § 12.110(4) provides:
 
 4
 An action to recover damages for injuries to the person arising from any medical, surgical or dental treatment, omission or operation shall be commenced within two years from the date when the injury is first discovered or in the exercise of reasonable care should have been discovered. However, notwithstanding the provisions of ORS 12.160,[1] every such action shall be commenced within five years from the date of the treatment, omission or operation upon which the action is based or, if there has been no action commenced within five years because of fraud, deceit or misleading representation, then within two years from the date such fraud, deceit, or misleading representation is discovered or in the exercise of reasonable care should have been discovered.
 
 
 5
 A statute of ultimate repose provides an overall maximum upper limit within which a tort action must be brought, regardless of the date of discovery or of any other circumstance. DeLay v. Marathon LeTourneau Sales & Service, 630 P.2d 836, 837 n. 1 (Or.1981). The statute cannot be extended, regardless of unfairness to the plaintiff. Id. at 839.
 
 
 6
 We agree with the district court that the statute requires Reilly to commence her action within the ultimate repose period unless fraud caused her to file outside the limitations period. Duncan v. Augter, 596 P.2d 555, 557 (Or.1979). Because Reilly had eleven months after discovery of the alleged malpractice to file her complaint, Reilly did not prove that her filing outside of the limitations period was due to fraud. We reject the argument that if fraud delays the discovery of the negligence within the limitation period, then there is an automatic tolling of the statute. See Asher v. Hald, 788 P.2d 468, 470 (Or.Ct.App.) (holding that if fraud causes the discovery of alleged negligence to be made outside the limitations period, then there is a tolling of the statute), review denied, 794 P.2d 795 (Or.1990). However, if Northwest's fraud had left Reilly with no reasonable opportunity to file her complaint within the repose period, and those facts were pleaded in her complaint, then so long as her complaint was filed within the two-year additional period, there is no statutory bar. Cf. Skuffeeda v. St. Vincent Hosp., 714 P.2d 235, 239-40 (Or.Ct.App.) (concluding that fraud caused Skuffeeda's complaint to be filed outside of the limitations period even though discovery of the alleged negligence took place two months before the limitations period expired), review denied, 720 P.2d 1279 (Or.1986).
 
 II.
 
 7
 Next, Reilly alleges that the district court erred in dismissing the counts of her complaint which independently stated a claim that she was injured by Northwest's fraudulent and misleading representations.[2] Although her complaint did not specify the types of damages that were caused by Northwest's fraud, Reilly argues that her complaint can be saved by simple amendment and thus, it should not have been dismissed. Kelson v. City of Springfield, 767 F.2d 651, 656 (9th Cir.1985) (holding that a dismissal under Fed.R.Civ.P. 12(b)(6) should not be affirmed unless it is clear that the complaint could not be saved by any amendment)
 
 
 8
 Reilly's argument must be rejected because it is well established that this court will not entertain issues never presented to the district court and which are raised for the first time on appeal. Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985).
 
 III.
 
 9
 The decision of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ore.Rev.Stat. § 12.160 provides that if a cause of action accrues while a person is under a disability, e.g., minors, inmates, and insane persons, the time of such disability shall not be a part of the time limited for the commencement of the action
 
 
 [2]
 In Skuffeeda, 714 P.2d at 240, the Oregon Court of Appeals held that fraud and misrepresentations claims are independent of the medical malpractice claims if actual damages can be proven